[No. 10,964. Department One.—May 8, 1884.]

THE PEOPLE, RESPONDENT, v. MOLLIE SWAFFORD, APPELLANT.

CRIMINAL LAW—CONSTITUTIONAL CONSTRUCTION—EXCLUDING PERSONS FROM COURT-ROOM—PUBLIC TRIAL.—The provision of the Constitution, article i., section 13, which guarantees to every person accused of a crime the right to a public trial, is not violated by an order of court excluding all persons from the court-room except the judge, jurors, witnesses, and persons connected with the case, during the trial of a criminal charge. The word *public* in that clause of the Constitution is used in opposition to secret.

ID.—PRESUMPTION—ASSENT.—In the absence of any showing as to what took place when the court made an order, the appellate court will presume, in sup- port of the action of the court below, that the defendant assented to the order.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts appear in the opinion of the court.

*A. W. Gale*, and *L. V. Hitchcock*, for Appellant.

*Attorney-General Marshall*, for Respondent.

The COURT.—It is contended by appellant that the court had no power to order that all persons be excluded from the court-room, except the judge, jurors, witnesses, and persons connected with the case.

The Constitution of the State provides that every person accused of crime shall have the right to a public trial. (Const. art. i., § 13.)

*Non constat,* but defendant (who was charged with adbucting a chaste female, under age, for purposes of prostitution), assented to or demanded the order.

It is said, on behalf of appellant: First, it cannot be presumed that defendant waived a constitutional right by remaining silent; second, the right to a public trial cannot be waived, because the court below had no jurisdiction to try defendant otherwise than publicly.

As to the first point, there is no bill of exceptions in the transcript, and in the absence of evidence as to what took place when the order was made, we cannot presume that defendant remained silent, but, on the contrary, in support of the action of the court below, must presume that defendant assented to the order, if her assent was necessary to its validity.

With respect to the second point the order does not prove that defendant was denied a public trial. The word *public* is used in the clause of the Constitution in opposition to secret. As said by Judge Cooley, it is not meant that every person who sees fit shall in all cases be permitted to attend criminal trials. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triors keenly alive to a sense of their responsibility, and to the importance of their functions, and the requirement is fairly observed, if without partiality or favoritism, a reasonable portion of the public is suffered to attend, notwithstanding that those persons whose presence would be of no service to the accused, and who would only be drawn thither by a prurient curiosity are excluded altogether." (Const. Lim. Side p. 312.)

Judgment affirmed.