[No. 21100.   Department Two.—June 26, 1894.]

## THE PEOPLE, RESPONDENT, v. HORACE G. HART-MAN, APPELLANT.

CRIMINAL LAW—RIGHT OF DEFENDANT TO PUBLIC TRIAL.—A defendant accused of crime has a constitutional right to a public trial, and an order made against the objection of the defendant excluding from the court-room, during the trial of the case, all persons except the officers of the court and the defendant, is prejudicial error, which is ground for a new trial.

ID.—PRESENCE OF OFFICERS OF THE COURT.—The fact that the officers of the court were allowed to be present in no way made the trial public.

ID.—OBJECT OF PUBLIC TRIAL—POWER OF EXCLUSION.—The requirement of a public trial is for the benefit of the accused, that the public may see that he is fairly dealt with, and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility, and to the importance of their functions; and the requirement is fairly observed if without partiality or favoritism a reasonable proportion of the public is suffered to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn hither by a prurient curiosity, are excluded altogether.

ID.—DENIAL OF CONSTITUTIONAL RIGHT—PRESUMPTION OF PREJUDICE—BURDEN OF PROOF.—Where a defendant is denied the constitutional right of a public trial he is presumed to be prejudiced, and the burden is not upon him to show injury by reason of the deprivation; and when a defendant has been deprived of any constitutional right, he has not had that fair and impartial trial to which he is entitled, however bad and degraded.

ID.—PUBLICITY OF TRIAL.—The trial should be public in the ordinary common-sense acceptation of the term, and the doors of the courtroom should be kept open, and the public are entitled to be admitted with due regard to the size of the courtroom, the conveniences of the court, the right to exclude objectionable characters and youth of tender years, and to do other things which may facilitate the proper conduct of the trial.

ID.—CONSTRUCTION OF CODE.—Section 125 of the Code of Civil Procedure applies exclusively to civil cases, and has no reference to the trial of a criminal case.

ID.—ASSAULT WITH INTENT TO COMMIT RAPE.—Upon the trial of a defendant accused of an assault with intent to commit rape, the fact that the prosecutrix may have been a woman of unchaste character is no defense to the charge stated in the information.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*C. W. Hartman*, for Appellant.

The order of the court excluding from the courtroom every one but the officers of the court and the defendant deprived the defendant of a public trial, and was a prejudicial error for which the judgment should be reversed. (Code Civ. Proc., secs. 124–26; Const., art. I, sec. 13; *People* v. *Murray*, 89 Mich. 276; 28 Am. St. Rep. 294; *People* v. *Kerrigan*, 73 Cal. 223; *In re Shortridge*, 99 Cal. 526; 37 Am. St. Rep. 78.) The fact that the prosecutrix was of unchaste character is a complete defense to the crime charged in the information. (3 Greenleaf on Evidence, sec. 211.)

*H. V. Reardan, Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

The court had the right to exclude the public from the trial. (Code Civ. Proc., sec. 125; *People* v. *Swafford*, 65 Cal. 223; Cooley's Constitutional Limitations, 312.) The fact that the prosecutrix may have been unchaste does not render the defendant any the less guilty of the crime charged. (4 Blackstone's Commentaries, 213; 2 Bishop on Criminal Law, 629; 1 Hawk. P. C., p. 122, sec. 7; *Pleasant* v. *State*, 15 Ark. 624; *Rex* v. *Barker*, 3 Car. & P. 589; *Wright* v. *State*, 4 Humph. 194; *Higgins* v. *People*, 1 Hun, 307.)

GAROUTTE, J.—The appellant was convicted of an assault with the intent to commit rape, and now presents this appeal from the judgment of conviction.

When the information had been read to the jury and the defendant's plea stated, on motion of the district attorney and against the objection of the defendant, the court made an order excluding from the courtroom, during the trial of the case, all persons except the officers of the court and the defendant. This was a novel procedure, and has no justification in the law of modern times. We know of no case decided in this country supporting the course of procedure here pursued. It is

in direct violation of that provision of the constitution which says that a party accused of crime has a right to a public trial. The fact that the officers of the court were allowed to be present in no way made the trial public. For the purposes contemplated by the provision of the constitution, the presence of the officers of the court, men whom, it is safe to say, were under the influence of the court, made the trial no more public than if they too had been excluded.

. While a right to the public trial contemplated by the constitution does not require of courts unreasonable and impossible things, as that all persons have an absolute right to be present and witness the court's proceeding, regardless of the conveniences of the court and the due and orderly conduct of the trial, yet this provision must have a fair and reasonable construction in the interest of the person accused. Judge Cooley, in his .work upon Constitutional Limitations, page 383, has well declared the true rule in the following language: "The requirement of a public trial is for the benefit of the accused; that the public may see that he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility, and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn hither by a prurient curiosity, are excluded altogether."

In the case of *People* v. *Murray,* 89 Mich. 276, 28 Am. St. Rep. 294, the question now before the court is elaborately discussed; and upon a state of facts more favorable to the accused than is presented by the present record, it was held that the defendant had not had a public trial. There is nothing to be found in *Grimmett* v. *State,* 22 Tex. App. 36; 58 Am. Rep. 630; *State* v. *Brooks,* 92 Mo. 573; or *People* v. *Kerrigan,* 73 Cal. 222,

that justified the action of the court in making the order of exclusion here assailed. The facts of those cases are widely at variance with the facts before us, and the law there declared entirely fails to serve as a legal support to the judgment here rendered. It is intimated in both the Kerrigan and Grimmett cases that, conceding the accused to be deprived of the right to a public trial, still the burden was upon him to show injury by reason of the deprivation. These intimations cannot be indorsed; a defendant charged with crime is entitled to certain rights under the constitution, and when he has been deprived of any one of them he has not had that fair and impartial trial to which he is entitled, however bad and degraded. This principle of law is in entire consonance with the views of the Michigan court as declared in *People* v. *Murray*, 89 Mich. 276; 28 Am. St. Rep. 294.

In the case of *People* v. *Swafford*, 65 Cal. 223, the court excluded all persons except the witnesses and persons connected with the case, and this action was sustained. It is there said that it does not appear that the accused objected to the order of exclusion, and *non constat*, but that such order was made at his express request. Whatever may be the legal soundness of the court's conclusion drawn from such a condition of the record, we think the compass of the order of exclusion too wide, and its limitations as to those allowed to be present at the trial entirely too restrictive. The trial should be public in the ordinary common-sense acceptation of the term. The doors of the courtroom are expected to be kept open, the public are entitled to be admitted, and the trial is to be public in all respects, as we have before suggested, with due regard to the size of the courtroom, the conveniences of the court, the right to exclude objectionable characters and youth of tender years, and to do other things which may facilitate the proper conduct of the trial.

Section 125 of the Code of Civil Procedure, upon which the attorney general relies to support the action

of· the trial court, has no reference whatever to the question here involved. The application of 'the rule there stated is confined exclusively to civil cases.

The fact that the prosecutrix may have been a woman of unchaste character is no defense to the charge stated in the information. A defendant is equally guilty under the law regardless of the good or bad morals of the woman assaulted.

It is ordered that the judgment be reversed and the cause remanded.

VAN FLEET, J., and DE HAVEN, J., concurred.