## THE PEOPLE, RESPONDENT, *v.* COLLAZO, APPELLANT.

## APPEAL from the District Court of Guayama.

### No. 611.—Decided June 28, 1913.

PUBLIC TRIAL—EXCLUSION OF PUBLIC—CONSTITUTIONAL RIGHT.—In this case the court, on its own motion and against the express objection of the accused, ordered the public to be excluded from the courtroom during the examination of a witness at the trial. It was held that the action of the court violated the fundamental right of the accused to a public trial allowed him under section 11 of the Code of Criminal Procedure of Porto Rico and the Sixth Amendment to the Constitution of the United States.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. R. Martínez Nadal* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Guayama rendered in a criminal action for the offense of disturbing the public peace.

The following are the two errors assigned by the appellant in his brief: 1. "The court erred in ordering the exclusion of the public from the courtroom without a motion to that effect by either party and prior to the reading of the information, because such action gave rise to a strong presumption that the court knew the nature of the testimony and the question at issue, when without having heard the information it anticipated the case, prejudging the evidence and regarding it as of an obscene character which might be offensive to the public morals;" and 2. "That the court erred in not compelling the witness for the prosecution, Luisa M. Palés de Bernardini, to answer counsel's questions and to repeat the obscene and insulting language which she did not wish to repeat at any time during the trial, as it had al-

ready erred in excluding the public from the courtroom, although such exclusion was only during the testimony of Señora Palés.''

The facts that the court ordered the public to be excluded from the courtroom during the testimony of the witness Palés de Bernardini, and that said witness refused to repeat the language which she had heard uttered by the accused and which she considered obscene and insulting, appear in the transcript of the record.

The *fiscal* of the Supreme Court both orally and in his written brief asked for the reversal of the judgment appealed from on the first of the appellant's assignments of error, citing in support of his request the following authorities: *People* v. *Hartman,* 103 Cal., 242; *People* v. *Murray,* 89 Mich., 276, and Cooley's Constitutional Limitations, 6th Ed., p. 379.

The principle that the accused is entitled to a public trial is recognized and guaranteed by the national law as well as by the statutory law of Porto Rico. Amendment VI to the Constitution of the United States reads:

''In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial,''    *    *    *

And section 11 of the present Code of Criminal Procedure provides:

''Section 11.—In a criminal action the defendant is entitled:
''1. To a speedy and public trial.''

In the case of *The People* v. *Murray,* 89 Mich., 276, 284, it was shown that the trial court directed an officer to stand at the door of the court room ''and see that the room was not overcrowded, but that all respectable citizens be admitted and have an opportunity to enter when they should ask to.'' It was shown, also, that various citizens were excluded and that the courtroom was by no means crowded. The Supreme Court of the State reversed the judgment of the

inferior court and granted the accused a new trial. One of the paragraphs of its opinion reads as follows:

"The right of a public trial is one of the most important safeguards in the prosecution of persons accused of crime. In this case, when the accused is upon trial for a crime for which, if convicted, his punishment is that he must suffer a life imprisonment—a civil death—an order is made by the court which violates the constitutional right of the accused, and the statute enacted to protect the rights of parties in both civil and criminal cases. (The court referred to a law of the State of Michigan which provides that seats in all the courts of the state shall be public and may be freely occupied by any citizen.) The right of the accused to a public trial is included in the same section of the Constitution with the right to a trial by an impartial jury of 12 men; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense. It is not necessary to review the history of the administration of the criminal law in England, or to call attention to the abuses in its administration, to show the reason why these important provisions were inserted in our Constitution   *   *   *   They are each and all enacted for the protection of rights of persons accused of criminal offenses, and each is a constant memorial of the great abuses practiced in England at one time and another prior to the American Revolution, in conducting criminal prosecutions." *People v. Murray,* 89 Mich., 284.

In the case of *The People* v. *Hartman,* 103 Cal., 242, 243, the Supreme Court of the State expressed itself as follows:

"When the information had been read to the jury and the defendant's plea stated, on motion of the district attorney and against the objection of the defendant, the court made an order excluding from the courtroom, during the trial of the case, all persons except the officers of the court and the defendant. This was a novel procedure, and has no justification in the law of modern times. We know of no case decided in this country supporting the course of procedure here pursued. It is in direct violation of that provision of the Constitution which says that a party accused of a crime has a right to a public trial.   *   *   *

"While a right to the public trial contemplated by the Constitution does not require of courts unreasonable and impossible things, as that

all persons have an absolute right to be present and witness the court's proceeding, regardless of the conveniences of the court and the due and orderly conduct of the trial, yet this provision must have a fair and reasonable construction in the interest of the accused.''

Having considered the facts of this particular case in the light of the law and of the jurisprudence cited, we must conclude that the trial court erred when it ordered the exclusion of the public during the testimony of the witness Palés de Bernardini.

The facts in the case at bar differ from those on which the Supreme Courts of Michigan and California based their decisions in that in the cases against Murray and Hartman the order of the court embraced the entire trial, whereas in this case it was enforced only during the testimony of one witness. But, even admitting such difference, we must acknowledge that the violation of the principle of a public trial is the same in the three cases.

Is there any reason to justify the attitude assumed by the District Court of Guayama?

In a note which appears in 12 Cyc., 520, the cases of *People* v. *Hall,* 51 N. Y., App. Div., 57; 64 N. Y. Supp., 433, and 15 N. Y. Cr., 29, are cited as sustaining the doctrine that when the evidence is of a peculiarly indecent and vulgar character the court may, in the interest of public morals and decency, exclude from the courtroom all persons except the jurors, witnesses and others connected with the case. But the case of *People* v. *Yeager,* 113 Mich., 228, is also cited, in which it was held that a law authorizing a court to exclude from the courtroom all persons except those connected with the trial when the evidence is licentious, immoral or degrading, violates the constitutional right of the accused to a public trial.

A review of the facts in this case shows that the order was made by the court of its own accord, without its having been asked for by either of the parties, and against the express objection of the accused. Said order could not have been intended to prevent the public from hearing immoral testimony,

for the other witnesses were permitted to testify in the presence of the public regarding the same facts testified to by the witness Palés de Bernardini. The only explanation is that it tended to protect the witness directly from having to testify to the facts in the case in the presence of the public. Such protection is not authorized by law and when it is extended, as it was in the present instance, in violation of a right granted by the law to another person and demanded by that other person, a fundamental error is committed which carries with it the nullity of the proceedings.

The judgment should be reversed and a new trial granted.

*Judgment reversed and a new trial granted.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.