EL PUEBLO, APELADO, v. COLLAZO, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 611.—Resuelto en junio 28, 1913.

JUICIO PÚBLICO—EXCLUSIÓN DEL PÚBLICO—DERECHO DEL ACUSADO.—En este caso,
   sin que lo solicitara ninguna de las partes y contra la protesta del acusado,
   la corte ordenó que se excluyera al público del salón de sesiones mientras
   declaraba en el acto de la vista una testigo.  Se resolvió:  Que la regla de
   la corte violó el derecho fundamental del acusado a un juicio público que le
   reconocen el artículo 11 del Código de Enjuiciamiento Criminal de Puerto
   Rico y la Enmienda VI a la Constitución de los Estados Unidos.

Los hechos están expresados en la opinión.
   Abogado del Pueblo: Sr. *Charles E. Foote, Fiscal.*
   Abogado del apelante: Sr. *R. Martínez Nadal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Guayama, dictada en una causa criminal seguida por el delito de alterar la paz pública.

Dos son los errores asignados por el apelante en su alegato, a saber: 1. "La corte erró al ordenar la exclusión del público de la sala de justicia, sin mediar moción de parte alguna, y antes de leerse la denuncia, porque tal conducta constituye una fuerte presunción de que la corte sabía de lo que allí iba a tratarse, y conocía la materia del asunto, cuando sin haberse leído el acta de acusación, así se adelantaba a los acontecimientos, prejuzgándolos y considerándolos de índole obscena que pudiera ofender la moral pública;" y 2. "La corte erró al no obligar a la testigo de cargo, a la denunciante Luisa M. Palés de Bernardini, a que respondiera las preguntas del abogado, y repitiese las palabras obscenas e insultantes que en ningún momento del juicio quiso repetir, como antes había errado también al ordenar la exclusión del público de la sala, aunque dicha exclusión se limitase al tiempo que pudiera durar la declaración de la Sra. Palés."

Los hechos de que la corte ordenó la exclusión del público durante la declaración de la testigo Sra. Palés de Bernardini y que ésta se negó a repetir las palabras que había oído de labios del acusado y que calificaba de obscenas e insultantes, aparecen de la transcripción del récord.

El Fiscal de la Corte Suprema por escrito y oralmente solicitó la revocación de la sentencia apelada por el primero de los motivos alegados por la parte apelante, citando en apoyo de su solicitud las siguientes autoridades: *People* v. *Hartman,* 103 Cal., 242; *People* v. *Murray,* 89 Mich., 276, y Cooley's Constitutional Limitations, 6th Ed., p. 379.

El principio de que el acusado tiene derecho a un juicio público, está reconocido y garantizado por la ley nacional y la local en Puerto Rico. La Enmienda VI a la Constitución de los Estados Unidos dice:

"En toda causa criminal el acusado tendrá derecho a un juicio rápido y público  *  *  *."

Y el artículo 11 del vigente Código de Enjuiciamiento Criminal establece:

"Art. 11.—En un proceso criminal el acusado tiene derecho a: 1. Un juicio rápido y público.  *  *  *."

En el caso de *El Pueblo* v. *Murray,* 89 Mich., 276, 284, se demostró que la corte sentenciadora ordenó a uno de sus funcionarios que permaneciera en la puerta de la sala de sesiones de la corte "y viera que la sala no se llenara completamente, pero que todos los ciudadanos respetables fueran admitidos y tuvieran una oportunidad de entrar cuando lo solicitaren." Se demostró, además, que varios ciudadanos fueron excluídos y que la sala de sesiones no estaba llena en modo alguno. La Corte Suprema del Estado revocó la sentencia de la corte inferior y concedió un nuevo juicio al acusado. Uno de los párrafos de su opinión dice así:

"El derecho a un juicio público es una de las más importantes

salvaguardias en la prosecución de personas acusadas de cometer crímenes.   En este caso, cuando se estaba juzgando al acusado por un delito por virtud del cual, de ser convicto, podría castigársele a prisión perpetua—una muerte civil—se dictó por la corte sentenciadora una orden que violó los derechos constitucionales del acusado y la ley puesta en vigor para proteger los derechos de las partes, así en los pleitos civiles como en las causas criminales, (la corte se refiere a una ley del Estado de Michigan que dispone que 'los asientos en todas las cortes del Estado serán públicos, y pueden ocuparse libremente por cualquier ciudadano').   El derecho del acusado a un juicio público se incluye en la misma sección de la Constitución, que le garantiza el derecho a un juicio por un jurado imparcial de doce hombres; a ser informado de la naturaleza de la acusación; a confrontarse con los testigos de cargo; a obtener que se obligue a comparecer a sus testigos, y a tener el auxilio de un abogado para su defensa.   No es necesario revisar la historia de la administración de la ley penal en Inglaterra, o llamar la atención acerca de los abusos de su administración, para mostrar la razón por virtud de la cual estas importantes disposiciones se insertaron en nuestra Constitución   *   *   *.   Todas y cada una de ellas se adoptaron para la protección de los derechos de las personas acusadas de delitos, y cada una de ellas perpetúa la memoria de los grandes abusos que se cometieron en Inglaterra en uno u otro tiempo con anterioridad a la Revolución Americana, en la instrucción de causas criminales.''

En el caso de *El Pueblo* v. *Hartman,* 103 Cal., 242, 243, la Corte Suprema del Estado se expresó como sigue:

''Cuando se leyó la acusación al jurado y se le informó de la alegación del acusado, a moción del Fiscal y contra la objeción del acusado, la corte dictó una orden excluyendo del salón de sesiones, durante el juicio, a todas las personas, con excepción de los funcionarios de la corte y del acusado.   Este es un procedimiento nuevo y que no tiene justificación en la ley de los modernos tiempos.   Nosotros no conocemos decisión alguna en este país, que sostenga lo que se hizo en este caso. Ello es una violación directa de lo dispuesto por la Constitución, al decir que la parte acusada de un crimen tiene derecho a un juicio público   *   *   *.   Aun cuando al garantizar la Constitución un juicio público, es claro que no exige a las cortes cosas no razonables o imposibles, por ejemplo, que todas las personas tengan un absoluto derecho a estar presentes y a ser testigos de los procedimientos de la corte sin

atender a las necesidades de la corte y a la debida y ordenada di-
rección del juicio, es lo cierto que dicha prescripción constitucional
debe interpretarse justa y razonablemente en favor de la persona
acusada.''

Examinando los hechos de este caso concreto sometido a
nuestra consideración y resolución a la luz de la ley y de la
jurisprudencia citadas, es necesario concluir que la corte sen-
tenciadora erró al dictar su orden mandando excluir al pú-
blico mientras prestaba su declaración la testigo Sra. Palés
de Bernardini.

Los hechos de este caso pueden distinguirse de los que
sirvieron de base a las decisiones de las Cortes Supremas de
Michigan y California, ya que en los casos contra Murray y
contra Hartman la orden de la corte abarcó la totalidad del
juicio y en éste sólo se refirió a una testigo. Pero, aun admi-
tiendo tal distinción, es necesario reconocer que la violación
del principio de la publicidad del juicio, es la misma en los
tres casos.

¿Existe alguna razón que justifique la actitud asumida
por la Corte de Distrito de Guayama?

En una nota que aparece en 12 Cyc., 520, se citan los casos
de *People* v. *Hall,* 51 N. Y., App. Div., 57; 64 N. Y. Supp.,
433, y 15 N. Y. Cr., 29, como sosteniendo la doctrina de que
cuando la evidencia es peculiarmente indecente y de carácter
vulgar, la corte puede, en interés de la moral pública y de
la decencia, excluir de la sala de sesiones a todas las perso-
nas con excepción de los jurados, testigos y otras relaciona-
das con la causa. Pero también se cita el caso de *People* v.
*Yeager,* 113 Mich., 228, en el que se sostiene que una ley que
da a la corte el poder de excluir de la sala de sesiones a todas
las personas con excepción de las relacionadas con el juicio,
cuando la evidencia es licenciosa, inmoral o degradante, está
en conflicto con el derecho constitucional a un juicio público.

Si examinamos los hechos de este caso, veremos que la
orden de la corte se dictó por su propio acuerdo, sin que nin-
guna de las partes la solicitara y contra la voluntad expresa

del acusado.   Dicha orden no pudo tener el objeto de impedir que el público se enterara de una prueba inmoral, ya que se permitió declarar ante el público a los demás testigos, quienes lo hicieron sobre los mismos extremos a que se refirió la testigo Sra. Palés de Bernardini.   Sólo es explicable como tendente a proteger directamente a la testigo de tener que declarar sobre los hechos de la causa a la presencia del público.   Tal protección no está garantizada por la ley y cuando se otorga como se otorgó en este caso, en contra del derecho concedido por la ley a otra persona e invocado por esa otra persona, se comete un error fundamental que lleva consigo la nulidad de los procedimientos.

Debe revocarse la sentencia y concederse un nuevo juicio.

*Revocada la sentencia y concedido un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.