[Crim. No. 2384.   Third Dist.   Mar. 24, 1953.]

THE PEOPLE, Respondent, v. SHERMAN W. McMAHON, Appellant.

George P. Kading for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of the crime denounced by section 288a of the Penal Code.

By an indictment found by the grand jury of Shasta County defendant was charged in count 1 thereof with an assault with intent to commit the crime prohibited by that section; count 2 charged a like offense—however this count was stricken prior to the trial, and counts 3 and 4 charged prior violations of the same section. Following the overruling of his demurrer and the denial of his motion to set aside the indictment the cause proceeded to trial, at the conclusion of which the jury found him guilty as to count 1 and not guilty as to counts 3 and 4. Thereafter a hearing was had by the court on its own motion under the provisions of the Welfare and Institutions Code relating to sexual psychopaths. The court determined that the defendant did not come within the pro-

visions of that code and he was sentenced to state prison for the term prescribed by law. However, the execution of the sentence was suspended and defendant granted probation for a term of 10 years, the first six months of which to be spent in the Shasta county jail.

A detailed summary of the evidence appears unnecessary. Suffice it to say that the record shows that while a 15-year-old boy was hitchhiking from his school in Redding to his home near Central Valley he was accosted by defendant who offered to drive him home. During the course of the ride, which the defendant endeavored to prolong, he attempted to commit the acts denounced by said section 288a. The defendant continued in his attempt until threatened with physical violence by the boy whereupon defendant stopped the car and the boy got out. The boy immediately reported the incident to a deputy sheriff. In his report to the officer he identified with particularity the defendant and the car he was driving. Three days later he identified the defendant at the Redding police station. According to the undersheriff of Shasta County the defendant stated that on the evening of the alleged crime he was at a bar drinking, but when asked the name of the bar he was unable to recall the same, merely stating "It's down that way," and when asked if he did not pick up a hitchhiker whom he took to Central Valley, the defendant replied, stating, "The kid is lying, I have never seen that kid before . . ." The defendant, testifying in his own behalf, denied that he ever knew or had even seen the boy prior to the date of the questioning at the police station. He further called witnesses in his own behalf to substantiate his alibi that he was with friends on the evening in question.

Five contentions are made by defendant. (1) That the trial court erred in permitting the joinder for the trial of three counts of the indictment; (2) that the trial court erred in denying his motion to dismiss counts 3 and 4; (3) that the district attorney was guilty of prejudicial misconduct; (4) that the evidence was insufficient to support the verdict, and (5) that the court erred in giving an amended cautionary instruction.

His argument in support of his first contention is that the three counts in question do not contain a common element of substantial importance in their commission as required under the provisions of section 954 of the Penal Code. This, he says, is true since in count 1 he was charged with an assault with the intent to commit the offense, while in

counts 3 and 4 he was charged with the commission of the offense prohibited by said section 288a. It seems unnecessary to labor this point since it is readily apparent that the offenses charged were of the same class and that the common element of substantial importance in each of the counts was the intent to violate said section 288a. ■ It was not necessary that all of the charged offenses should have grown out of the same transaction or that they occurred on the same date or that they were perpetrated against the same person or that the evidence of one would prove the element of substantial importance in the others. (*In re Pearson*, 30 Cal.2d 871 [186 P.2d 401].)

■ Defendant's second contention is predicated upon the action of the trial court in denying his motion to dismiss counts 3 and 4. His argument in support of this contention proceeds upon the theory that since both of the boys involved in these counts were over the age of 14 years they were therefore accomplices, and since their testimony was not corroborated it was error for the court to deny his motion. Our examination of the record does not sustain such a contention. While each of the boys was an accomplice with respect to the particular act in which he participated the evidence does not disclose as a matter of law that he was an accomplice with respect to the acts perpetrated by defendant on the other. Both of the complaining witnesses were present at the time and place; each was the recipient of the same offer and proposition and each identified the defendant as the one who had picked them up in his car and made the propositions to them. The mere fact that each was an accomplice of the defendant with respect to the particular act engaged in by each did not in and of itself render him an accomplice as a matter of law as to the act charged against defendant with the other complaining witness. This was a question of fact to be determined by the jury and the court properly left that to the jury for its determination. (*People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519].)

Defendant next contends that the district attorney was guilty of prejudicial misconduct (1) in calling attention to the failure of the accused to have his wife testify; (2) in calling attention to the Stroble case, and (3) in his language in referring to the defendant.

■ We find no merit to the first charge of misconduct. The reference by the district attorney to the defendant's failure to call his wife as a witness related solely to the alibi

which defendant sought to establish concerning his whereabouts on the evening the offenses charged in counts 3 and 4 were alleged to have occurred. After mentioning that she was the one person who could substantiate the alibi but she was not called, the district attorney then concluded with an observation concerning the operation of Penal Code, section 1322. Then following a short exchange between counsel as to whether or not the defendant had been asked to waive the privilege of said section, counsel for the defendant stated ''we object'' and proceeded to further discuss the manner of issuance of process and how a spouse may or not testify according to the provisions of said section 1322. Thus it becomes readily apparent that the situation in the present case is substantially different from that presented in the case of *People* v. *Klor*, 32 Cal.2d 658 [197 P.2d 705], which is relied upon by defendant. What has been heretofore said is not to be taken as approving the conduct of the district attorney. Since under such circumstances the testimony of the wife could only refer to those counts and since it was as to those that he was acquitted, it cannot be said that the defendant was prejudiced thereby. (*People* v. *Hickman*, 31 Cal.App.2d 4 [87 P.2d 80].) Since such testimony had no reference to the first count we cannot see how it was prejudicial as to that.

It is also true that we do not commend the manner in which the prosecuting attorney injected the Stroble case into his argument. However, the only mention of that case was the use of the name only during the conclusion of the prosecutor's comments relative to defendant's attempt to establish an alibi by stating his residence to be in cities other than Redding, and that his drugstore, where it was charged some of the acts occurred, was not owned by him but in fact was owned by a friend. The district attorney then told the jury that the fear of discovery causes a pervert to do many things to avoid detection and when such fears become advanced ''you have got your Strobles who will kill a small child to avoid detection.'' Counsel for defendant immediately objected and requested the court to admonish the jury to disregard the remarks. The court did admonish the district attorney and did so instruct the jury.

While the Stroble case was one which received a great deal of publicity in and around the city of Los Angeles, yet, elsewhere in the state the publicity thereof decreased in direct ratio to the geographical remoteness of any given community. Furthermore the facts of the case itself were not discussed as

was the situation in *People* v. *Adams,* 14 Cal.2d 154 [93 P.2d 146], which has been cited and relied upon by defendant herein. Here it appears that the word "Stroble" was used to describe sex crimes generally and not to describe the facts shown in the instant case as being comparable to those in the Stroble case. Furthermore it is difficult to see how the defendant was prejudiced thereby when the jury acquitted him of counts 3 and 4 which were far more adequately sustained by the record than the crime of assault with intent to commit the offense which was charged in count 1 and upon which he was convicted.

The third assignment of error made by defendant in support of this contention is that the action of the district attorney by referring to him as a "filthy pervert" was such prejudicial misconduct as would compel a new trial; his argument being that such comment was wholly outside the issues of the case and served no purpose other than to inflame the minds of the jurors against him; that he was not being tried as a sex pervert under the Welfare and Institutions Code but to the contrary was being tried upon an indictment charging the commission of certain acts. It is true he was not being tried under the provisions of the Welfare and Institutions Code but he was being tried on charges which the courts have characterized as sexual perversions. (See *People* v. *Coleman,* 53 Cal.App.2d 18 [127 P.2d 309].) Nor do we find misconduct in the remarks of the district attorney referring to the necessity of protection of children from individuals such as defendant, since in each of the offenses the defendant was accused of misconduct with teen age boys, Again, even assuming such remarks to have been misconduct, certainly it was not such as would constitute prejudicial error under article VI, section 42 of the Constitution.

Appellant's next contention that the evidence was insufficient to support the verdict of the jury is likewise without merit. Immediately after the alleged offense, the complaining witness reported the alleged act to a police officer. He testified without equivocation that the defendant propositioned him to commit an act in violation of section 288a of the Penal Code. This testimony, standing alone, if believed, as it was, was of itself sufficient to support the conviction. (*People* v. *Peterman,* 103 Cal.App.2d 322 [229 P.2d 444].) The defendant and the car he used were identified by the complaining witness. Additionally, there was the testimony of the police officer concerning the acts and

the conduct of the defendant at the time he was apprehended. Defendant's argument in support of this contention, particularly in relation to his alibi defense, presented merely a factual problem to be resolved by the jury, and hence is an argument more properly addressed to the jury than to this court on appeal.

Defendant's final contention attacks a cautionary instruction given by the trial court in its charge to the jury. It is difficult to understand why the trial court, rather than giving the instruction as proposed by defendant, rewrote the same so that as given it was, with but one immaterial change, the same as Sir Matthew Hale's statement in 1 Pleas of the Crown, 634. There could have been no question concerning the instruction as submitted by the defendant since it followed with particularity the one approved in *People* v. *Putnam*, 20 Cal.2d 885 [129 P.2d 367]. Certainly contemporary language is to be desired, but whatever may have been the reason which motivated the trial court the defendant was not prejudiced thereby. The fact remains that the jury was given a cautionary instruction, and although not in the phraseology the defendant desired we cannot say that the court in so instructing the jury thereby committed prejudicial error.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 6, 1953.