[Crim. No. 2687.   Third Dist.   Oct. 24, 1956.]

THE PEOPLE, Respondent, v. WARREN WERTZ, Appellant.

Mark A. Joseph, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Appellant, a man of over 77 years of age, was charged by information with the crime of violating section 288a of the Penal Code, in two counts: Count I, charging that appellant committed the act denounced by said section with James Stinson, a boy of 15 years; and Count II, charging that appellant committed the act with Charles Hopkins, a boy of 16 years. Following appellant's plea of not guilty, the case was tried and at the conclusion of the evidence the court advised a verdict of not guilty as to Count I. The jury then found appellant not guilty as to Count I and guilty as to Count II. Thereafter, the court, after denying a motion to set aside the verdict and for a new trial, ordered that pronouncing of judgment be suspended and that appellant be placed on probation for a period of five years. Appellant has appealed, the notice of appeal stating that the appeal is "from the judgment and verdict of conviction as to Count Two of the Information herein, and also from the order of the Court denying defendant's Motion for a New Trial as to Count Two of said Information."

The factual situation as shown by the record may be briefly summarized as follows:

On the morning of January 6, 1956, two boys, James Stinson and Charles Hopkins, went together to the home of appellant Warren Wertz in the city of Modesto, Stanislaus County, California. Upon being admitted by appellant, they first went to the kitchen where the boys sat for awhile, talked and flipped coins. James Stinson then went into the bedroom with appellant. At this time appellant was dressed only in a shirt and socks. Stinson and appellant undressed and

while in the bedroom the appellant copulated the sexual organ of James Stinson with his (the appellant's) mouth. James then proceeded to dress and Charles Hopkins came into the bedroom. The appellant told Charles to take his clothes off, which he did, and appellant then committed the same act with Charles, while James Stinson, who testified to seeing the offense committed by appellant with Charles Hopkins, remained in the room.

Two police officers of the Modesto Police Department then arrived at appellant's residence and, after they knocked on the door for several minutes, the appellant appeared at the door clad only in a pair of pants. The appellant and the two youths were taken into custody.

Appellant's first contention is that Charles Hopkins, the participant with appellant in the commission of the offense charged in Count II, was an accomplice and that his testimony is not corroborated as is required by section 1111 of the Penal Code. Appellant bases his argument upon the contention that James Stinson was an accomplice in the commission of the offense involving Charles Hopkins and that therefore the testimony of Stinson could not be used to corroborate the testimony of Hopkins, who testified to all the details of the offense charged in Count II.

Admittedly, if Stinson must be considered an accomplice in the act committed by appellant with Charles Hopkins, appellant's conviction on Count II could not be upheld. However, there is no evidence in the record that would support, much less compel, a finding that James Stinson aided, abetted or even encouraged the commission of the act of perversion by appellant and Hopkins. Furthermore, the court instructed the jury fully and correctly on the law as to accomplices and specifically instructed the jury that:

"An accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial. Whether or not any witness in this case was an accomplice as defined in these instructions is for the jury to determine from all the testimony and the circumstances as shown by the evidence.

"To render a person an accomplice, he or she must in some manner knowingly and with criminal intent aid, abet, assist, or participate in the criminal act. If you should find that any witness in this case so conducted himself in respect to any crime charged, you must find that he was an accomplice."

What was said in the case of *People* v. *McMahon,* 116 Cal.

App.2d 883, at page 887 [254 P.2d 902], is quite applicable to the instant case:

"Defendant's second contention is predicated upon the action of the trial court in denying his motion to dismiss counts 3 and 4. His argument in support of this contention proceeds upon the theory that since both of the boys involved in these counts were over the age of 14 years they were therefore accomplices, and since their testimony was not corroborated it was error for the court to deny his motion. Our examination of the record does not sustain such a contention. While each of the boys was an accomplice with respect to the particular act in which he participated the evidence does not disclose as a matter of law that he was an accomplice with respect to the acts perpetrated by defendant on the other. Both of the complaining witnesses were present at the time and place; each was the recipient of the same offer and proposition and each identified the defendant as the one who had picked them up in his car and made the propositions to them. The mere fact that each was an accomplice of the defendant with respect to the particular act engaged in by each did not in and of itself render him an accomplice as a matter of law as to the act charged against defendant with the other complaining witness. This was a question of fact to be determined by the jury and the court properly left that to the jury for its determination. (*People* v. *Griffin,* 98 Cal.App.2d 1 [219 P.2d 519].)"

Appellant next contends that the court erred in admitting the testimony of Raymond Schinn, a boy of 14 years of age, as to similar offenses committed by appellant with Charles Hopkins. This witness was called by the People and testified that he had known the appellant for approximately eight or nine months prior to the trial. About 3:30 o'clock one afternoon some eight or nine months before the trial, this witness visited the appellant at his home. The witness was accompanied by James Stinson, Leon Stinson and Charles Hopkins. After being invited in by the appellant and after some conversation of a general nature, the appellant "made an offer to James Stinson."

At this point in the proceedings, counsel for the appellant interposed an objection and a lengthy discussion occurred between counsel and the court out of the presence of the jury. During this discussion appellant's counsel stated that in his opinion evidence of prior similar acts of a defendant were admissible where such acts were with the same victim or

coparticipant. Later, during the discussion on the objection, counsel stated as follows:

"MR. JOSEPH: I will have no objection, Your Honor, if the jury is properly told at this time when the evidence goes in, it is not to be construed as proof of the particular acts charged in the information. It's not for corroboration, it's solely for the purpose of showing a tendency or state of mind of the defendant."

Upon returning to the courtroom, the court stated to the jury with regard to the testimony of this witness, as follows:

". . . the evidence is to be considered by you, not as corroboration of any specific act but is permitted merely to show scheme, plan and intent of the defendant on other occasions. It is not offered as proof or as corroboration of the specific acts of which the defendant is here accused."

The witness then testified that on the occasion referred to the appellant and Charles Hopkins went into the bedroom, that the witness went into the bedroom shortly thereafter for the purpose of telling Charles that the others were going outside, and while in the bedroom the witness observed the appellant in the act of copulating the sexual organ of Charles Hopkins with the appellant's mouth.

Thus it would appear that appellant waived any objection to the introduction of this evidence, and appellant is hardly in a position to urge it upon appeal. However, we believe that the testimony was admissible under the decisions of our appellate courts.

Other similar acts of a defendant charged with a sex offense have been held to be admissible where such acts were committed with the same person involved in the charge for which the defendant is on trial. (*People* v. *Cox,* 102 Cal. App.2d 285 [227 P.2d 290] ; *People* v. *LaMantain,* 89 Cal.App. 2d 699 [201 P.2d 598] ; *People* v. *Jewett,* 84 Cal.App.2d 276 [190 P.2d 330].) Proof of such other acts was relevant in the present case to show a common plan, scheme or design. (*People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924] ; *People* v. *Westek,* 31 Cal.2d 469 [190 P.2d 9] ; *People* v. *Sykes,* 44 Cal. 2d 166 [280 P.2d 769].)

Appellant cites the recent case of *People* v. *Buchel,* 141 Cal.App.2d 91 [296 P.2d 113], in support of his contention, but that case is not in point for in that case the prosecution introduced evidence of other acts of the defendant committed with persons other than the boy with whom defendant was charged with having performed acts in violation of Penal

Code, section 288. The present case involves proof of other acts of appellant with Charles Hopkins, the participant in the crime charged in Count II of the information.

Appellant's final contention is that the court erred in denying appellant's motion for a new trial. He points to statements of the trial judge during the trial that he would not believe Stinson and Hopkins under oath as they were perverts themselves and could have "framed" appellant. Appellant argues that such being the state of mind of the trial judge, he was required by law to grant the motion for a new trial on grounds of insufficiency of the evidence, and his failure to do so constituted an abuse of discretion.

The record shows that at the time of denying appellant's motion for a new trial the court stated:

"I have listened to enough argument in this case, I know what I am going to do. I am satisfied that the offense was committed. I am satisfied that though the evidence was very, very slight, it may be sufficient to constitute corroboration."

It is hardly necessary to cite authority for the well settled rule that the trial judge has broad discretion in passing on a motion for new trial on the ground that the verdict is contrary to the evidence, and his action, whether in denying or particularly in granting the motion, will not be disturbed on appeal unless it clearly appears that he abused such broad discretion. (*People* v. *Sarazzawski,* 27 Cal.2d 7 [161 P.2d 934]; *People* v. *Richard,* 101 Cal.App.2d 631 [225 P.2d 938]; *People* v. *Alexander,* 41 Cal.App.2d 275 [106 P.2d 450, 916].)

The evidence amply supports the conviction of appellant and no prejudicial errors were committed.

Pronouncing of judgment having been suspended and no judgment having been entered, the purported appeal therefrom is dismissed. The order denying the motion for a new trial is affirmed.

Van Dyke, P. J., and Peek, J., concurred.