[Crim. No. 6501.   Second Dist., Div. Three.   May 28, 1959.]

THE PEOPLE, Respondent, v. VICTOR BLANCO,
Appellant

Robert M. Maslow for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged in five counts with violations of Penal Code, section 288a. In a nonjury trial he was convicted of the offenses charged and sentenced to state prison. He appeals from the judgment.

The cause was submitted on the transcript of the preliminary examination and additional evidence. Defendant first contends he was denied a public trial at the preliminary hearing in violation of article I, section 13, of the Constitution. The following is the record of what transpired at the preliminary, on which the contention is based:

"THE COURT: The People versus Victor Blanco and Naomi Utley. MR. PARSONS [attorney for defendant]: Blanco is present and ready, your Honor. At this time I understand there are two civilian witnesses and we ask for an order excluding the witnesses. There are apparently two young men involved in this and we feel that they shouldn't be present when the other one is testifying. THE COURT: I will exclude all people from the courtroom and the witnesses will be excluded and the Marshal will indicate where they are to remain until such time as they are needed for their testimony. MR. MEAD: Ready for the defendant Utley. THE COURT: All people are excluded from the courtroom. This is a closed session. MR. McCORMICK [district attorney]: Was that request for all people? THE COURT: Not the officers? MR. PARSONS: No, not the officers, but for all witnesses other than the officers."

█ In criminal prosecutions, "in any court whatever," the accused has the right to a public trial. (Const., art. I, § 13.) An order excluding all persons except the officers of the court and the defendant is in violation of this section. (*People* v. *Hartman*, 103 Cal. 242, 243-244 [37 P. 153, 42 Am.St.Rep. 108].) █ It is settled, however, that the defendant may waive his right to a public trial either expressly or by failure seasonably to object to an exclusion order. If a defendant waives the right, he may not thereafter complain. After quoting section 868 of the Penal Code[1] and the provision of the Constitution, the court in *People* v. *Tarbox*, 115 Cal. 57 [46 P. 896], stated (p. 61): "In *People* v. *Swafford*, 65 Cal. 223, an

---

[1]Penal Code, section 868: "The magistrate must also, upon the request of the defendant, exclude from the examination every person except his clerk, court reporter and bailiff, the prosecutor and his counsel, the Attorney General, the district attorney of the county, the defendant and his counsel, and the officer having the defendant in custody; provided, however, that when the prosecuting witness is a female she shall be entitled at all times to the attendance of a person of her own sex."

order of exclusion was sustained; the record being silent, it was assumed that the defendant assented to or demanded the order. That cause was reviewed and materially qualified in *People* v. *Hartman*, 103 Cal. 245 [42 Am.St.Rep. 108]; and upon that case appellant relies to sustain his contention. But *People* v. *Hartman, supra*, is not in point. Not only was the order of exclusion in that case made against the objection of the defendant, but, as was there held, there is no provision of the code relating to or authorizing such exclusion during the trial in the superior court. There can be no question that a defendant has the 'right' to a public examination before the committing magistrate, but under the provisions of the Penal Code above quoted he may waive that right whenever he deems it to his interest to do so.''

*People* v. *Tugwell*, 32 Cal.App. 520 [163 P. 508], says (p. 525) : ''This right so accorded by the constitution, like the right to a speedy trial, being for the benefit of the defendant, may be waived by him. 'It is a well-settled maxim that a party may waive the benefit of any condition or provision made in his behalf, no matter in what manner it may have been made or secured.' (Broom's Legal Maxims, 547; *Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57 [73 P. 740].) As said in *Goit* v. *National Protection Ins. Co.*, 25 Barb. (N.Y.) 189, 191: 'The law will not compel a man to insist upon any benefit or advantage secured to him individually,' whether such benefit be constitutional or statutory. Like the record in the case of *People* v. *Swafford*, 65 Cal. 223 [3 P. 809], that here presented is silent in showing whether or not defendant in express terms consented to the closing of the door. From aught that appears to the contrary, he may have done so. At all events, he did not, as did defendant in the case of *People* v. *Hartman*, 103 Cal. 242 [42 Am.St.Rep. 108, 37 P. 153], upon which appellant relies, enter any objection to the action of the bailiff, nor call the attention of the court thereto, until during the noon recess, after which there appears to have been no cause for complaint. Under these circumstances, we are constrained to hold, even if the conduct of the trial was lacking in the character of being public in the ordinary sense, that defendant must by his conduct as shown be deemed to have assented thereto and waived any objection on account thereof.''

We are of the opinion that defendant assented to the order of the court and waived his right to a public trial at the preliminary hearing. When the court stated, ''All people are excluded from the courtroom,'' defendant made no objection.

(*Cf. People* v. *Buck*, 46 Cal.App.2d 558, 561-562 [116 P.2d 160]. See anno: 48 A.L.R.2d 1452.) When asked by the district attorney if the request was for all people, the court said "Not the officers," and counsel for defendant said "not the officers, but for all witnesses other than the officers." Defendant made no complaint because "all people" other than the officers were ordered excluded. The point is made for the first time on appeal. No motion was made to set the information aside on the ground defendant had not been accorded a public trial at the preliminary hearing, nor did he raise the question at any time in the superior court, and his trial in the latter court was public. The contention cannot be sustained.

The participants in the offenses charged were James Stock, a boy of 14 years, Roger Carey, a boy of 15 years, defendant, and Naomi Utley. The evidence was of incidents highly revolting, shocking, and offensive. Count I charged and the evidence showed that defendant committed an act upon James denounced by Penal Code, section 288a. Roger witnessed the act. Count II charged and the evidence showed that defendant committed the same act upon Roger. James witnessed the act. Count III charged and the evidence showed that defendant participated in an act of the same character committed by James. Roger witnessed this act. Count IV charged and the evidence showed that defendant participated in an act of the same character committed by Roger. James witnessed this act. Count V charged and the evidence showed that defendant committed an act of the same character upon Naomi. Defendant contends that James and Roger were accomplices; that their testimony with respect to all of the counts was not corroborated; therefore the judgment is not supported by the evidence. The point is without merit.

With respect to each of the counts, one of the boys did not aid, abet, assist, or participate in the criminal act. (See *People* v. *Wertz*, 145 Cal.App.2d 395, 397 [302 P.2d 613].) James testified to the act committed upon him and to the act he committed upon defendant. Roger did not participate in those acts. He was an onlooker, and corroborated James as to both acts. Roger testified to the act committed upon him and to the act he committed upon defendant. James did not participate in those acts. He was an onlooker, and corroborated Roger as to both acts. Neither James nor Roger was an accomplice as to count V.

*People* v. *McMahon*, 116 Cal.App.2d 883 [254 P.2d 903], is

in point. In that case counts III and IV charged violations of Penal Code, section 288a. The court stated (p. 887): "Defendant's second contention is predicated upon the action of the trial court in denying his motion to dismiss counts 3 and 4. His argument in support of this contention proceeds upon the theory that since both of the boys involved in these counts were over the age of 14 years they were therefore accomplices, and since their testimony was not corroborated it was error for the court to deny his motion. Our examination of the record does not sustain such a contention. While each of the boys was an accomplice with respect to the particular act in which he participated the evidence does not disclose as a matter of law that he was an accomplice with respect to the acts perpetrated by defendant on the other. Both of the complaining witnesses were present at the time and place; each was the recipient of the same offer and proposition and each identified the defendant as the one who had picked them up in his car and made the propositions to them. The mere fact that each was an accomplice of the defendant with respect to the particular act engaged in by each did not in and of itself render him an accomplice as a matter of law as to the act charged against defendant with the other complaining witness. This was a question of fact to be determined by the jury and the court properly left that to the jury for its determination. (*People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519].)'' (Also see *People* v. *Wertz*, 145 Cal.App.2d 395, 397-398 [302 P. 2d 613].)

In the present case the trier of fact impliedly found that Roger was not an accomplice as to the acts committed upon and by James, and that James was not an accomplice as to the acts committed upon and by Roger. The evidence supports the findings. The testimony of James as to the acts committed upon and by him was corroborated by the testimony of Roger, a nonaccomplice, and the testimony of Roger as to the acts committed upon and by him was corroborated by the testimony of James, a nonaccomplice.

We find no error in the record.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1959.