[Crim. No. 19568. Second Dist., Div. Two. Oct. 13, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES BLAZURE WILSON, Defendant and Appellant.

## COUNSEL

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Mark A. Levin, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—Defendant was charged in an amended information with three counts of violating section 288a of the Penal Code (oral copulation)

and one count of violating section 261, subdivision 1 of the Penal Code (statutory rape). The information alleged that defendant had suffered a previous conviction of violating section 476a of the Penal Code (issuing checks without sufficient funds) and had served a term of imprisonment in the state prison.

Defendant admitted the prior conviction and the substantive charges were tried to a jury. The result was a conviction on all counts. The jury recommended a state prison sentence for the rape.

This appeal from the judgment of conviction sets forth four contentions of error, none of which is meritorious.

## FACTUAL BACKGROUND

The principal witnesses for the prosecution were Joan, age 14, and Mary, age 19, both of whom were defendant's stepdaughters.

We find it unnecessary to recount in great detail the testimony which led to defendant's conviction.

The facts viewed in the light most favorable to the judgment were as follows:

On March 25, 1970, defendant placed his mouth on the privates of Joan, the 14-year-old. On April 2, 1970, defendant accomplished an act of sexual intercourse with Joan. On April 4, 1970, defendant again placed his mouth on Joan's private parts, this act occurring in the presence of Mary. On this same occasion defendant performed a similar act on Mary in the presence of Joan. All of this conduct occurred in the family residence.

The incredibly bizarre circumstances in which these young girls were victimized deserves exposition.

The family practiced a pseudo-religion called "Scientology" and defendant through this practice persuaded each of the girls that they had a "sex problem" which could be solved in sexual relations with him. The diagnosis of the victims' problems and the prescribed therapy were arrived at during a series of "auditing" sessions. These sessions were apparently part of the prescribed ritual of the "Church of Scientology." During these sessions defendant used a device known as an "E Meter" which from the record appears to be as rudimentary as an ouija board or crystal set, but according to "scientologists" has capabilities which surpass the latest developments in computer technology. The incredible E Meter supposedly can indicate to the "auditor" the presence in the subject of the audit, suppressed emotional problems, the existence of which may even be unknown to the subject.

Thus the victims believed defendant and acceded to his licentious demands.

Defendant admitted to both Joan and his wife, the mother of the girls, that he had engaged in sexual relations with Mary.

## SUFFICIENCY OF THE EVIDENCE OF ORAL COPULATION

Defendant contends that the evidence fails to support the finding that defendant "copulated" the privates of the victims and cites *People* v. *Angier,* 44 Cal.App.2d 417, 419 [112 P.2d 659].[1] Here the victims testified that defendant kissed them in the vaginal area with his tongue.

The language of *Angier* has been seized upon by defendants charged with such offenses in numerous cases. That decision, however, enjoys little, if any, viability. ■ It was repudiated by its author in *People* v. *Harris,* 108 Cal.App.2d 84 [238 P.2d 158], where it was held that the statute is violated by placing one's mouth on the genital organ of another.

Thus, to borrow a phrase, the *Angier* case has become a "derelict on the seas of jurisprudence." It is often discussed but never followed. It is simply not the law. The evidence here was clearly sufficient.

## CORROBORATION OF THE VICTIMS

The trial court instructed the jury that each girl was, as a matter of law, an accomplice as to the act of oral copulation performed upon her. The court further correctly instructed the jury on the definition of an accomplice and the requisites of corroboration.

■ Defendant correctly points out that one accomplice may not corroborate another. ■ However, as to an act performed on one girl, whether the other girl was an accomplice or a non-participating observer was a question of fact which under proper instructions was resolved by the jury against the defendant. (*People* v. *Blanco,* 170 Cal.App.2d 758 [339 P.2d 906].)

The testimony of the two victims coupled with the defendant's admission to the mother furnished adequate corroboration and supports the jury's findings.

## STANDARDS FOR FIXING PUNISHMENT

Defendant next contends that the statute authorizing the jury to fix punishment in statutory rape is unconstitutional in that it provides the jury

---

[1]In *Angier* the court discussed the definition of "copulation" and concluded that "a mere kiss or lick of the private organ . . . is not a copulation."

with no standards but instead commits the matter to the unfettered discretion of the jury.

This argument is completely answered by the United States Supreme Court in *McGautha* v. *California,* 398 U.S. 936 [26 L.Ed.2d 267, 90 S. Ct. 1846]. There the court was dealing with the absolute discretion of the jury to fix the penalty for first degree murder at either life or death, a decision of considerably greater magnitude than the one involved here. ▮ The Supreme Court found no constitutional prohibition to such procedure. It appears that the greater would include the lesser.

### DETERMINATION OF THE PRIOR

▮ Defendant admitted the allegation of the prior. He now suggests that the procedure in connection with pleas of guilty required by *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], should be applied to defendant's admitting a prior conviction. This contention is answered by *People* v. *Franco,* 4 Cal.App.3d 535 [84 Cal.Rptr. 513]. ▮ Allegations of prior offenses are not charges of specific crimes. They serve only an ancillary function in aggravating minimum punishment and are dependent in their operation upon a conviction of the charged substantive offense. ▮ The defendant suffered no prejudice from the procedure which was followed.

The judgment is affirmed.

Herndon, Acting P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 9, 1971.