Mr. Justice Erickson
delivered the opinion of the Court.
The defendant, John Thomas Anderson, was convicted of the crime of robbery. Thereafter, he filed a timely motion seeking a judgment of acquittal notwithstanding the jury’s verdict or, alternatively, a new trial. Approximately one month after the trial was concluded, the defendant’s lawyer advised the court that he had just learned that during the time that the jury was being selected the bailiff had allowed only prospective veniremen to occupy the courtroom and had denied access to *226 the courtroom to the defendant’s friends and members of the defendant’s family. The court, upon being advised, granted the defendant additional time to file an amended and supplemental motion for relief. The defendant’s amended motion alleged that he had been denied a public trial in violation of the United States Constitution and the Constitution of Colorado. In support of the motion, affidavits were submitted which set forth the circumstances underlying the allegations of defense counsel. Affidavits were also submitted in an attempt to establish that the defendant was prejudiced by the bailiff’s action. After briefs were filed and argument was heard, the defendant’s motions were denied by the court. The defendant then sued out a writ of error to this Court.
 It is well established that the accused in a criminal case has the right to a public trial. U.S. Const. amend. VI (Sixth Amendment); Colo. Const. art. II, §§ 16, 25; Thompson v. People, 156 Colo. 416, 399 P.2d 776 (1965). It is also undisputed that the right to a public trial includes that stage of the proceedings which is devoted to the selection of a jury. United States v. Sorrentino, 175 F.2d 721 (3rd Cir. 1949). The right to a public trial, however, is not absolute. In some instances, the right to a public trial may be subordinated to the higher right and duty of the court to insure that the defendant receives a fair trial. Kirstowsky v. Superior Court, 143 Cal.App.2d 745, 300 P.2d 163 (1956); United States v. Kobli, 172 F.2d 919 (3rd Cir. 1949).
In this case, the entire spectator section of the courtroom was required to seat the prospective veniremen. The bailiff’s action in restricting access to' the courtroom was dictated by the limited space which was available and the court’s general policy to segregate prospective jurors from witnesses, relatives, and other individuals whose proximity, conversation, or actions might cause the jury to be contaminated to the prejudice of the defendant or the prosecution. In view of the size of the courtroom, the bailiff’s action was entirely proper.
*227 If defense counsel, or the defendant, was of the opinion that the courtroom was too small to afford the defendant the right to a public trial, objection should have been made so that the court could have arranged to obtain other courtroom facilities. Defendant’s lawyer has asserted that his failure to object or to claim that the defendant was being denied a public trial resulted from the fact that he did not know of the bailiff’s action until over a month after the trial was concluded. Yet, the affidavit of the bailiff indicates that defense counsel was informed of the general practice which was used in the selection of the jury prior to the commencement of the voir dire examination. Moreover, recognizing the physical characteristics of the courtroom, it was virtually impossible for the bailiff’s action to go unnoticed. Under these circumstances, we believe that any right the defendant may have had to object to the exclusion of the public from the courtroom during the selection of the jury was waived. United States v. Garland, 364 F.2d 487 (2d Cir. 1966); United States v. Cappello, 327 F.2d 378 (2d Cir. 1964); Geise v. United States, 265 F.2d 659 (9th Cir. 1959); United States v. Sorrentino, supra; State v. Schmit, 273 Minn. 78, 139 N.W.2d 800 (1966); People v. Cash, 52 Cal. 2d 841, 345 P.2d 462 (1959); People v. Blanco, 170 Cal.App.2d 758, 339 P.2d 906 (1959); Commonwealth ex rel. Paylor v. Cavell, 185 Pa.Super. 176, 138 A.2d 246 (1958); People v. Tugwell, 32 Cal.App. 520, 163 P. 508 (1917).
It is apparent in this case that the defendant’s motion arose as the result of a guilty verdict and not because of the denial of a constitutional right. Only after the defendant was found guilty did hindsight cause defense counsel to decide that the defendant was denied a public trial. During the selection of the jury, newsmen had continuous access to the courtroom, as did counsel and all others who requested the court grant them the right to be present. Defense counsel was, or should have been, aware of the limitations imposed by the size of the court *228 room. No requests for a larger courtroom were made, however, and defense counsel did not complain of the denial of the defendant’s right to a public trial until long after the jury reached its verdict.
Courts have been justifiably criticized where jury verdicts have been set aside by ingenious arguments which were predicated upon constitutional rights not truly in issue. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In this instance, due regard for the right to a public trial does not require us to disregard our obligation to sustain a jury verdict that has not been proven to have been remotely influenced by the action taken by the bailiff. The defendant was not the victim of any unjust prosecution, and the limited exclusion of the general public at this trial during the time that a jury was chosen cannot be elevated to the constitutional plateau of reversible error to escape the jury’s verdict. Commonwealth ex rel. Paylor v. Cavell, supra. An abstract claim, as an afterthought on appeal, will not support reversal. Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960).
Accordingly, we affirm.
Mr. Chief Justice Pringle not participating.
John B. Barnard, District Judge*, dissenting.