**Earl C. SMITH, Appellant,**

v.

**B. J. RHAY, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 15794.**

United States Court of Appeals
Ninth Circuit.

April 18, 1958.

Earl C. Smith, in pro. per.

John J. O'Connell, Atty. Gen., Michael R. Alfieri, Asst. Atty. Gen., State of Washington, for appellee.

Before BONE, POPE and CHAMBERS, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus by the United States District Court for the Eastern District of Washington, Southern Division.

Appellant is presently imprisoned at the Washington State Penitentiary in Walla Walla, Washington for a term of not more than twenty years pursuant to a judgment of the Superior Court of the State of Washington, in and for the County of Spokane, upon a plea of guilty by appellant to an information filed against him in that court, charging him with manslaughter.

Appellant's principal contention is that the Washington state courts denied him due process of law as required by the Fourteenth Amendment of the Federal Constitution in that state law requires that he be informed by the court before pleading to a charge against him that he has a right to counsel provided by the state if he cannot afford to hire counsel of his own choosing.[1] It is appellant's contention that this information must come only from the court itself, and that anything less than a literal compliance with this law of the State of Washington is a denial of due process within the meaning of the Fourteenth Amendment.

■ ■ We cannot agree with this contention. The guarantees of the Fourteenth Amendment are substantive, not procedural.[2] This Court cannot interfere with the processes of state courts in administering their various state criminal codes unless the defendant is *substantively* denied a right guaranteed by the Constitution. Here, the substantive problem involved is whether appellant was really adequately informed of his rights as a defendant in a criminal action. The record we set out in the margin,[3] conclusively shows that appel-

1. RCW 10.40.030 (Refers to Revised Code of Washington.)

2. Foster v. People of State of Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.

3. The following appears in the record as occurring on the 16th day of February, 1954 before the Honorable Charles W. Greenough, Judge of the Superior Court of the State of Washington, in and for the County of Spokane:

"Mr. Evans (Prosecuting Attorney): [After ascertaining that appellant's true name was Earl Clarence Smith and reading the information filed against appellant to him] Mr. Smith, you were in my office yesterday, were you not?

"The Defendant: Yes, sir.

"Mr. Evans: And it was explained to you at that time that you would be charged with manslaughter in this case?

"The Defendant: That is right.

"Mr. Evans: And you understand the nature of that charge? Was it explained to you?

"The Defendant: Yes sir.

"Mr. Evans: You were told, were you not that you would be brought into court today at which time you would be permitted to enter your plea of guilty or not guilty to this charge?

"The Defendant: Yes.

"Mr. Evans: Were you also told at that time that you would be entitled to a jury trial if you wanted it?

"The Defendant: That is right.

"Mr. Evans. Were you told that you would be entitled to have an attorney appointed for you if you did not have any funds?

lant was as fully informed as it is possible to so inform a person, and that appellant appeared to fully understand, (and we think he did fully understand) the meaning of what he was being told. The fact that this information did not come from the court itself but from the prosecuting attorney in the presence of the court, presents a matter of form and not of substance. The record leaves no doubt that appellant was correctly told at the proper time and in plain English exactly what rights he had and could enforce. To hold that his rights were overridden would be a disservice to the law.

■ Nor does this Court find merit in appellant's contention that the statute specifying the penalty for manslaughter is unconstitutional as repugnant to the equal protection clause of the Fourteenth Amendment because it permits a judge to sentence one who has been convicted of manslaughter as for a felony on the one hand, or as for a gross misdemeanor on the other hand.[4] In Daloia v. Rhay, 9 Cir., 252 F.2d 768, 770, this Court in disposing of an identical contention raised concerning the Washington statute specifying the penalty for assault in the second degree[5] said:

"The crime defined in this statute is a felony, because it is one which, under the terms of the statute, 'may' be punished by imprisonment in the state penitentiary. It is no less a felony because, under the statute, a fine may be imposed as an alternative to a penitentiary sentence. Nor does such a statute deny equal protection of the law because it provides for a wide range between the minimum and the maximum sentence which may be imposed for the same crime." (Footnotes omitted.)

This reasoning is equally applicable to the case at bar.

■ We have made a thorough search of the record and find no valid reason for granting the relief appellant seeks at our hands. It would appear that he seeks at this late date to change his plea and have his case retried in this Court. We cannot aid appellant on this sort of a plea. A conviction upon his plea of

"The Defendant: That is right.

"Mr. Evans: You have had twenty-four hours to think about it, and you are aware, are you not, that you do not have to plead at this time but could have further time?

"The Defendant: That is right. I understand that I have more time.

"Mr. Evans: You understand that you can have more time?

"The Defendant: Yes.

"Mr. Evans: You made a confession in this case, Mr. Smith. Was there any inducement offered to you to make such a confession?

"The Defendant: No.

"Mr. Evans: Did anybody threaten you?

"The Defendant: No.

"Mr. Evans: Did anybody offer you any promises of any kind?

"The Defendant: No.

"Mr. Evans: As a matter of fact, did you know until yesterday what the charge would be in this matter?

"The Defendant: No, I did not.

"The Court: Do I understand, then, Mr. Smith, that you are ready to plead to the charge one way or the other at this time?

"The Defendant: Yes.

"The Court: And that you do not wish the advice of a counsel—an attorney?

"The Defendant: I do not.

"The Court: And you do not care to have your plea deferred for the additional period of a few days to enable you to think the matter over further?

"The Defendant: I do not.

"The Court: Are you ready to plead to this charge at this time?

"The Defendant: I am.

"The Court: What is your plea to the charge of manslaughter as filed in this court on this date by the Prosecuting Attorney, the charge being read to you by the Prosecuting Attorney, guilty or not guilty?

"The Defendant: Guilty, your Honor."

4. The pertinent statute reads as follows: "Manslaughter is punishable by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment." RCW 9.-48.060.

5. RCW 9.11.020.

guilty is equally as final in its effects as a jury verdict.

The record convinces us that appellant has been awarded all the rights guaranteed to him by the Constitution. The order of the lower court denying appellant's petition for a writ of habeas corpus is affirmed.