[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 974 
OPINION
Defendant was convicted by a verdict of the jury finding him guilty of a violation of Penal Code section 192, subdivision 3(a) (count I: felony vehicular manslaughter) and Vehicle Code section 23101, subdivision (a) (count II: felony drunk driving). On appeal from the judgment entered imposing concurrent sentences to state prison, defendant claims error resulting from multiple convictions and punishment, *Page 975 
unconstitutionality of Penal Code section 193, and the failure to give certain requested jury instructions. Only one of these claims has merit. Accordingly, we modify the judgment and, as modified, affirm.
We briefly summarize the facts relevant to our discussion:
In the early evening of June 21, 1976, while driving his new Mustang automobile accompanied by his passenger, Louis, defendant sped through the red traffic signal at the intersection of Central Expressway and Scott Boulevard in Santa Clara County, colliding broadside with another automobile then properly in the intersection which was traveling north on Scott Boulevard. The driver of the other automobile died later that evening from injuries sustained in the collision. A police officer responding to the scene of the accident detected a strong odor of alcohol on defendant's breath, and observed that defendant was unsteady while standing and that his eyes were red and watery. Following his arrest, defendant's blood specimen was taken about one hour later revealing, upon testing, a blood alcohol level of .10. Defendant presented no testimony in his defense at trial.
I. Multiple Convictions and Punishment
Defendant contends, relying principally on our reasoning inPeople v. Lobaugh (1971) 18 Cal.App.3d 75 [95 Cal.Rptr. 547], that a single act or course of criminal conduct cannot, as here, support multiple convictions. His contention is unpersuasive.
(1) It is well settled that section 654 of the Penal Code proscribes only double punishment but does not bar double convictions. (People v. Greene (1973) 34 Cal.App.3d 622, 654 [110 Cal.Rptr. 160]; People v. Tideman (1962) 57 Cal.2d 574, 586-587 [21 Cal.Rptr. 207, 307 P.2d 1007]; In re Adams (1975)14 Cal.3d 629, 636 [122 Cal.Rptr. 73, 536 P.2d 473]; 1 Witkin, Cal. Crimes, § 207, p. 199; 2 Witkin, Cal. Crimes, § 948, pp. 900-901.) (2) It is likewise well recognized that where one of the offenses charged is "necessarily included" in the other a defendant may not be convicted of both. (People v. Greene,supra, at p. 654; People v. Pater (1968) 267 Cal.App.2d 921, 924-926 [73 Cal.Rptr. 823]; see also 1 Witkin, Cal. Crimes, § 208, pp. 199-200.) But where the charge arising from a single act involves different offenses entailing different elements of proof, a defendant may be properly convicted of both. (People
v. Tideman, supra, at pp. 585-586; see also In re Dennis B.
(1976) 18 Cal.3d 687, 691-692 [135 Cal.Rptr. 82, 557 P.2d 514].) *Page 976 
(3) The crime of "felony drunk driving" is not a lesser included offense of vehicular manslaughter. (People v. Young
(1964) 224 Cal.App.2d 420, 425 [360 Cal.Rptr. 672].) Nor are the two offenses mutually exclusive so as to preclude a conviction of both. (See People v. Jaramillo (1976) 16 Cal.3d 752
[29 Cal.Rptr. 306, 548 P.2d 706]; People v. Prado (1977)67 Cal.App.3d 267, 273 [136 Cal.Rptr. 521]; People v.Witzel (1957) 155 Cal.App.2d 486, 490-491 [318 P.2d 136].) "Manslaughter in the driving of a vehicle (Pen. Code, § 192, subd. 3(a)) need not be committed by a person under the influence of alcohol, and felony drunk driving (Veh. Code, § 23101) need not result in the death of the person injured. Neither offense, therefore, is necessarily included in the other." (People v.Young, supra, 224 Cal.App.2d 420, 425.) Moreover, to constitute involuntary manslaughter under Penal Code section 192, subdivision 3(a), the death must be due either to (1) the commission of an unlawful act, not amounting to a felony, with gross negligence, or (2) the commission of a lawful act which might produce death, in an unlawful manner and with gross negligence. Here there was substantial evidence[1] that at the time of injury causing death, defendant was driving his automobile while under the influence of alcohol at an excessive rate of speed, had run a red light, and was otherwise inattentive to his driving. Proof of such acts would fully support the jury's implied finding of either (1) unlawful and grossly negligent conduct not amounting to a felony (see In re Dennis B., supra,18 Cal.3d 687, 697) or (2) a lawful act likely to produce death, in an unlawful manner, with gross negligence. (See People v.Collins (1925) 195 Cal. 325, 348-349 [233 P. 97].)
Defendant's reliance on our holding in People v. Lobaugh,supra, 18 Cal.App.3d 75, is misplaced; our decision inLobaugh is readily distinguishable on its facts and does not compel a contrary conclusion. In Lobaugh, we were concerned — inter alia — with the question of prohibition against multiple convictions based upon a single act by reason of multiple victims. We there held that a single violation of Vehicle Code section 23101 constituted but one offense irrespective of thenumber of persons injured thereby. (Id., at p. 79.) We questioned the authority of People v. Young, supra, 224 Cal.App.2d 420, only insofar as it purported to hold that the bar of Penal Code section 654 did not prohibit multiple convictions for multiple victims arising from a single offense. The defendant herein was properly convicted of both counts involving but one victim. *Page 977 
Defendant's alternate contention of having been improperly sentenced on both convictions is meritorious, and the People so concede. (See People v. Young, supra, 224 Cal.App.2d 420, 424.) (4) The circumstance of concurrent sentencing does not satisfy the statutory proscription against such double punishment. (In re Adams, supra, 14 Cal.3d 629, 636.) In such case, the appropriate remedial procedure is to permit the sentence on the greater or more serious offense to stand and to stay execution of the lesser. (People v. Niles (1964)227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].)
In determining which is the greater offense, we need look only to the comparative penalties and sustain that imposing the greater sanction; since the penalty then provided for a violation of Vehicle Code section 23101, subdivision (a), is greater,[2]
the sentence imposed for conviction of count II must remain. (Inre Adams, supra, 14 Cal.3d 629, 636-637; People v. Young,supra, 224 Cal.App.2d 420, 425-426.)
II. Constitutionality of Penal Code Section 193
In its verdict on count I, the jury did not recommend punishment by imprisonment in the county jail.[3] (5), (6)
Defendant's argument in support of his claim of being denied due process of law under the Fourteenth Amendment is twofold: (1) the statutory standard permitted "unfettered discretion" of the jury in deciding the question of penalty; (2) that the instructions given concerning penalty (CALJIC Nos. 8.97, 17.42), together with the form of verdict, effectively deprived the jury of *Page 978 
exercising its discretion in an informed manner. His argument is unsound.
Preliminarily, we observe that defendant's failure to request additional or clarifying instructions constitutes a waiver of the right to complain of such omission for the first time on appeal. (See People v. Hawkins (1968) 268 Cal.App.2d 99, 106 [73 Cal.Rptr. 748].) Moreover, since punishment for the conviction in count I is proscribed by Penal Code section 654, as previously discussed, defendant cannot complain of an alleged error in which no prejudice to him is shown. (People v. Archerd (1970)3 Cal.3d 615, 643 [91 Cal.Rptr. 397, 477 P.2d 421]; see alsoPeople v. Schroeder (1968) 264 Cal.App.2d 217, 227-229 [70 Cal.Rptr. 491]; see also People v. Brown (1973) 35 Cal.App.3d 317, 327 [110 Cal.Rptr. 854], likewise precluding complaint based upon unconstitutionality of a statute inapplicable to the defendant's case.) Nevertheless, we elect to treat the contentions raised on their merits.
Relying on constitutional principles condemning unbridled jury discretion in the imposition of penalty in capital cases (Gregg
v. Georgia (1976) 428 U.S. 153 [49 L.Ed.2d 859, 96 S.Ct. 2909];Proffitt v. Florida (1976) 428 U.S. 242 [49 L.Ed.2d 913, 96 S.Ct. 2960]; Jurek v. Texas (1976) 428 U.S. 262 [49 L.Ed.2d 929, 96 S.Ct. 2950]; Furman v. Georgia (1972) 408 U.S. 238
[33 L.Ed.2d 346, 92 S.Ct. 2726]), defendant contends that by analogous reasoning the determination of penalty by the jury (jail or prison, depending upon its recommendation) without adequate, articulated guidelines violates due process requirements. His contention is without merit.
The sole function of the jury's recommendation is to establish whether the defendant will suffer a misdemeanor or felony punishment, subject, however, to the court's ultimate power to impose probation. (Pen. Code, § 193.) A substantially similar Penal Code provision (§ 264, applicable to jury verdicts in unlawful sexual intercourse cases) has been held not to violate due process requirements. (People v. Arredondo (1975) 52 Cal.App.3d 973, 977 [125 Cal.Rptr. 419]; People v. Brown, supra,35 Cal.App.3d 317, 324-325; People v. Wilson (1971) 20 Cal.App.3d 507, 511 [97 Cal.Rptr. 774].) Moreover, a number of comparable Penal Code provisions empowering the court in the exercise of its discretion, without articulated standards or guidelines, to impose alternate misdemeanor or felony punishment (e.g., Pen. Code, §§ 17, 476a, 489, 496, 524) have withstood similar constitutional challenge. (In re Watkins (1966)64 Cal.2d 866, 870 [51 Cal.Rptr. 917, 415 P.2d 805]; In reRosencrantz (1931) *Page 979 211 Cal. 749, 750-751 [297 P. 15]; People v. Widener (1963)220 Cal.App.2d 826, 830 [34 Cal.Rptr. 130]; see also Smith v.Rhay (9th Cir. 1958) 254 F.2d 306, 308; Daloia v. Rhay (9th Cir. 1958) 252 F.2d 768, 770.) Furthermore, the authorities relied upon are readily distinguishable in that they were concerned with the ultimate question of life or death involving standardless discretion of juries in capital cases, grounding their decisions upon the Eighth Amendment prohibition against "cruel and unusual punishment" within the context of due process protection. (See Furman v. Georgia, supra, 408 U.S. 238, 239-240 [33 L.Ed.2d 346, 350-351]; Gregg v. Georgia, supra,428 U.S. 153, 188-195 [49 L.Ed.2d 859, 883-887]; see alsoRockwell v. Superior Court (1976) 18 Cal.3d 420
[134 Cal.Rptr. 650, 556 P.2d 1101].) Here, the challenged statute merely empowers the jury to recommend leniency by designating the place of confinement as the county jail; it provides no authority to impose any greater sanction. Finally, even absent such recommendation of leniency, the court has plenary authority to impose the lesser sanction of jail confinement or probation in lieu of imprisonment. (Pen. Code, § 193.) The evidence before the jury, besides sustaining a finding of a felonious homicide founded upon an act of gross negligence, manifested an almost complete indifference by the defendant to the consequences of his actions: not only did he drive his vehicle at excessive speeds while impaired, inattentive and running more than one stoplight, he also ignored his passenger's earlier plea to slow down, and after the collision, even failed to render aid to the victim he had injured. (See Veh. Code, § 20003.) We cannot say in light of such record that the jury somehow might have misunderstood its charge and actually intended to grant leniency; nor that under the circumstances shown defendant was thereby prejudiced in having been ultimately sentenced to state prison.[4]
We conclude that defendant has failed to establish the unconstitutionality of the challenged statute on its face or as applied. (Brown v. Superior Court (1971) 5 Cal.3d 509, 520 [96 Cal.Rptr. 584, 487 P.2d 1224]; see also In re Ricky H.
(1970) 2 Cal.3d 513, 519 [86 Cal.Rptr. 76, 468 P.2d 204].)
III. Jury Instructions
Defendant claims error in the trial court's refusal to give his requested "Sears instructions" concerning reasonable doubt. (See People v. Sears (1970) 2 Cal.3d 180 [84 Cal.Rptr. 711,465 P.2d 847].) He is mistaken. *Page 980 
(7) One such instruction (defendant's No. 6) was merely repetitious of other approved instructions given by the trial court (CALJIC No. 12.61 and Evid. Code, § 607); under such circumstances, there is no error in refusing to give the instruction requested. (People v. Welch (1972) 8 Cal.3d 106, 119-120 [104 Cal.Rptr. 217, 501 P.2d 225]; People v. Slocum
(1975) 52 Cal.App.3d 867, 892-893 [125 Cal.Rptr. 442] [cert. den., 426 U.S. 924 (49 L.Ed.2d 379, 96 S.Ct. 2635)]; People v.Vasquez (1972) 29 Cal.App.3d 81, 85-86 [105 Cal.Rptr. 181].) The second instruction, focusing on the testimony of witness Brackett, was defective and properly refused. (8) It has been repeatedly held to be "`improper for the court to single out a particular witness and to charge the jury how his evidence should be considered.'" (People v. Lyons (1958) 50 Cal.2d 245, 271 [324 P.2d 556]; accord: People v. Whittaker (1974) 41 Cal.App.3d 303, 307-308 [115 Cal.Rptr. 845] [hg. den., Oct. 17, 1974].) We are satisfied from a review of the record that the jury was properly and adequately instructed on all the principles and factual issues that were presented (see People v.Rincon-Pineda (1975) 14 Cal.3d 864 [123 Cal.Rptr. 119,538 P.2d 247]; see also People v. Sedeno (1974) 10 Cal.3d 703
[112 Cal.Rptr. 1, 518 P.2d 913]), including the essential instructions relating to the principle of reasonable doubt.
The judgment is modified to stay execution of sentence imposed on count I, such stay to become permanent when defendant has completed serving the sentence imposed on count II. As so modified, the judgment is affirmed.
Elkington, J., and Sims, J.,* concurred.
[1] We note that defendant makes no challenge to the sufficiency of the evidence on appeal.
[2] Since defendant's convictions antedated the Uniform Determinate Sentencing Act (Sen. Bill No. 42 enacted by Stats. 1976, ch. 1139, as amended by Assem. Bill No. 476 enacted by Stats. 1977, ch. 165, operative July 1, 1977), he was properly sentenced under the provisions of former Penal Code section 193
and Vehicle Code section 23101, subdivision (c). At the time the offense was committed, each provided for a maximum prison term of five years, and a maximum $5,000 fine (Pen. Code, § 672); but under the provisions of Vehicle Code section 23101, subdivision (c), a minimum term of 90 days' imprisonment and a fine of not less than $250 was mandatory. Thus, the Vehicle Code violation constituted the more serious offense. (People v. Young,supra, 224 Cal.App.2d 420, 426.) Parenthetically, under the provisions of the Uniform Determinate Sentencing Act, the offenses carry identical terms of imprisonment, and the same mandatory fine remains for felony drunk driving. (See Veh. Code, § 23101, subd. (c); Pen. Code, §§ 18, 193 (as amended by Stats. 1976, ch. 1139, operative July 1, 1977).)
[3] Penal Code section 193 then provided in relevant part that in case of violation of section 192, subdivision 3(a), "the jury may recommend . . . that the punishment shall be by imprisonment in the county jail;" and when such recommendation is made "the court shall not have authority to sentence the defendant to . . . state prison, . . ." In effect, a positive recommendation would result in a misdemeanor disposition unless the court thereafter chose to "place the defendant on probation."
[4] At the time of sentencing the trial court expressly considered the fact of defendant's three prior convictions for driving under the influence of intoxicating liquor.
* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council. *Page 981