192 Cal.App.3d 10 (1987)
238 Cal. Rptr. 50
THE PEOPLE, Plaintiff and Respondent,
v.
MARTIN ROBERT DAVALOS, Defendant and Appellant.
Docket No. 23984.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
April 15, 1987.
*12 COUNSEL
Nathan Misraje for Defendant and Appellant.
James K. Hahn, City Attorney, William N. Sterling and Frank M. Horowitz, Deputy City Attorneys, for Plaintiff and Respondent.
OPINION
SOVEN, J.
Defendant was arrested while driving under the influence of PCP. He was convicted by a jury of several offenses, including violations of Vehicle Code section 23152, subdivision (a) ("driving while under the influence") and Health and Safety Code section 11550, subdivision (b) ("using or being under the influence of a controlled substance.") The trial court imposed a separate sentence for each of the above offenses. We affirm.

DISCUSSION
(1a) Defendant contends that the trial court violated Penal Code section 654 in imposing sentence both for violating section 23152, subdivision (a) and section 11550, subdivision (b).[1] We do not agree. We conclude that each charge was a separate punishable offense and did not constitute a single course of conduct for which multiple punishment was improper.
Penal Code section 654 states in pertinent part: "An act ... which is made punishable in different ways by different provisions ... may be punishable under either of such provisions, but in no case can it be punished under more than one..."
(2) The prohibition against multiple punishment is designed to insure that a defendant's punishment will be commensurate with his criminal liability (Neal v. State of California (1960) 55 Cal.2d 11, 20 [9 Cal. Rptr. 607, 357 P.2d 839]); the prohibition does not apply where each offense is divisible, none facilitates the commission of the other or is committed as a means of committing the other, and none is incidental to the commission of the other. (People v. Smith (1984) 155 Cal. App.3d 539, 544-545 [202 Cal. Rptr. 259].)
(1b) First, contrary to defendant's contention, the offenses involved are *13 neither necessarily included (see Gilbert v. Municipal Court (1977) 73 Cal. App.3d 723, 727 [140 Cal. Rptr. 897]) nor based on the same act, since a violation of section 11550 involves specified controlled substances without a prescription while a violation of section 23152 involves "any drug, ..."[2]
Second, no single course of conduct is involved. (3) "The initial inquiry in any section 654 application is to ascertain the defendant's objective and intent. If he entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (People v. Beamon (1973) 8 Cal.3d 625, 639 [105 Cal. Rptr. 681, 504 P.2d 905].)
(1c) Although defendant contends that an indivisible course of conduct was involved, he is unable to isolate the single criminal objective essential to defendant's analysis. (See In re Hayes (1969) 70 Cal.2d 604, 609-610 [75 Cal. Rptr. 790, 451 P.2d 430].) He does not contend that he ingested PCP with the objective of driving under the influence or that he drove with the objective of being under the influence of PCP. He cannot isolate a victim, because no identifiable victim is involved in either a violation of section 23152, subdivision (a) or section 1150, subdivision (b). (Cf. People v. Young (1964) 224 Cal. App.2d 420, 424-425 [36 Cal. Rptr. 672]; see also, People v. Rocha (1978) 80 Cal. App.3d 972, 977 [146 Cal. Rptr. 81].)
The purpose of section 654, as noted, is to insure that the punishment is commensurate with the crime. (People v. Miller (1977) 18 Cal.3d 873, 885 [135 Cal. Rptr. 654, 558 P.2d 552]; Neal v. State of California, supra, 55 Cal.2d 11, 20.) The Legislature would have been entitled to require cumulative punishment for the violations of sections 23152 and 11550. (See People v. Parrish (1985) 170 Cal. App.3d 336, 344 [217 Cal. Rptr. 700].) The legislative scheme suggests that the Legislature doubtless knew that when Penal Code section 654 does apply, the proper procedure is to stay execution of the sentence imposed for the lesser offense. (E.g., In re Adams (1975) 14 Cal.3d 629, 636-637 [122 Cal. Rptr. 73, 536 P.2d 473].)
Here, we have no clearly discernible lesser offense. Rather, we have offenses with different punishment options. Section 11550 is punishable by *14 a maximum sentence of one year in county jail, while section 23152 is punishable by a maximum sentence of six months or one year in county jail, depending upon the defendant's prior convictions. (Veh. Code, §§ 23160, 23165, 23170, 23175.) Section 11550 imposes a mandatory jail term of 90 days (then, 30 days), while the minimum mandatory jail sentence for a violation of section 23152 depends upon prior convictions, ranging from no minimum (Veh. Code, § 23161) to 180 days mandatory jail time (Veh. Code, §§ 23176, 23206.) No fine may be imposed in connection with a violation of section 11550 while a violation of section 23152 may involve a mandatory minimum fine and a maximum fine of $1,000 (e.g., Veh. Code, § 23166). Moreover, section 23152 convictions may involved license suspension or revocation (Veh. Code, § 13352) and vehicle impoundment (Veh. Code, § 23195). In summary, the fact that it is not clear which is the "lesser offense," and therefore not clear which sentence should be stayed supports the conclusion that the offenses should be viewed as separate offenses, both punishable under section 654.
Finally, an examination of the purposes for the enactment of section 11550 and section 23152 shows that the goals of each differ, and that punishment for only one offense may not satisfy these goals. (4) The object of section 11550, which prohibits using or being under the influence of a controlled substance, is to protect the individual by proscribing the use which which may be an activating part of the process of drug abuse or addiction. (Bosco v. Justice Court (1978) 77 Cal. App.3d 179, 186-187 [143 Cal. Rptr. 468].) (5) The object of section 23152 is to protect members of the public who use the highways from those who have impaired their ability to drive as the result of substance use. (People v. Woodard (1983) 143 Cal. App.3d Supp. 1, 4 [192 Cal. Rptr. 229].)
(1d) We agree with the trial court's conclusion that defendant committed two separate and separately punishable offenses. When defendant ingested the PCP, he was in violation of section 11550 prohibiting the use of a controlled substance. Once he was under the influence of the PCP, as defined by the Vehicle Code, and proceeded to drive his car, he committed an additional separate and distinct offense for which he was subject to further punishment. The trial court did not err in sentencing defendant for each offense.
The judgment is affirmed.
Cooperman, P.J., and Reese, J., concurred.
NOTES
[1] Section 23152, subdivision (a) refers to the Vehicle Code section; section 11550, subdivision (b) refers to the Health and Safety Code section.
[2] The evidence presented at trial is not before us. The jury was instructed that as applied to section 23152, subdivision (a), the term "drug" meant "any substance or combination of substances," and that as to section 11550 subdivision (b), it was unlawful to be under the influence of "any controlled substance, such as PCP, ..." We need not decide whether there may be a case which "on its own facts" indicates an indivisible transaction (People v. Holly (1976) 62 Cal. App.3d 797, 806 [133 Cal. Rptr. 331]) or a necessarily included offense (see People v. Cole (1979) 94 Cal. App.3d 854, 861 [155 Cal. Rptr. 892]).