[No. B019118. Second Dist., Div. Five. Nov. 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
J. D. ADAMS, JR., Defendant and Appellant.

**COUNSEL**

David F. Blaisdell, under appointment by the Court of Appeal, and J. D. Adams, Jr., in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Susan D. Martynec and Patrick T. Brooks, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, Acting P. J.**—By jury trial appellant was convicted of first degree murder (with the special circumstance that the murder was committed in the course of robbery), multiple counts of robbery, and attempted murder. He was sentenced to prison for life without possibility of parole.

Appellant raises two contentions: (1) that his challenge to the jury panel on constitutional grounds was erroneously denied and (2) that certain jury instructions requested by appellant were erroneously rejected. Finding no merit to these contentions, we affirm.

### JURY PANEL

Because of this county's large area and population, the Superior Court of Los Angeles County is divided into 11 judicial districts. (Gov. Code, §§ 69641, 69643, 69645; L.A. Super. Ct. Rules, rule 300, § 1.) Code of Civil Procedure section 203 specifically provides: ". . . In addition, in the County of Los Angeles no juror shall be required to serve at a distance greater than 20 miles from his or her residence."

■ Appellant was tried at the San Fernando courthouse of the North Valley District. He brought a motion to quash the jury panel on the theory that the panel was underrepresentative of Blacks and therefore denied appellant his constitutional right to an impartial jury drawn from a representative cross-section of the community. (See *Taylor* v. *Louisiana* (1975) 419 U.S. 522, 530 [42 L.Ed.2d 690, 698, 95 S.Ct. 692]; *People* v. *Harris* (1984) 36 Cal.3d 36, 48-49 [201 Cal.Rptr. 782, 679 P.2d 433].)

Mr. Raymond Arce, court administrator and director of jury services for the Los Angeles County Superior Court, testified that his office interprets the 20-mile distance limit based upon mileage actually traveled by jurors driving to the courthouse. The Black population within 20 actual driving miles of the courthouse was 2.4 percent; the percentage of Blacks who appeared for jury service was 2.9; and therefore no underrepresentation of Blacks was shown.

Appellant's expert witness, Professor Edward W. Butler of the University of California, Riverside, testified that the Black population in census tracts within a 20-mile "radius" of the San Fernando courthouse, "as the crow flies," is 8.8 percent. ■ ■ ■ Appellant contends that if the 20-mile distance in Code of Civil Procedure section 203 were interpreted as a radius, as the crow flies, then appellant made a prima facie showing that the jury panel at the San Fernando courthouse was not a fair cross-section of

the community under *Duren* v. *Missouri* (1979) 439 U.S. 357, 364 [58 L.Ed.2d 579, 586-587, 99 S.Ct. 664]. (See also *O'Hare* v. *Superior Court* (1987) 43 Cal.3d 86, 93-101 [233 Cal.Rptr. 332, 729 P.2d 766].)[1] The trouble is that appellant offers no reason (other than it leads to a statistical result he prefers in this case) why section 203 should be interpreted in this manner.[2] Code of Civil Procedure section 203 does not use the term "radius." It states: ". . . In counties with more than one court location, the rules shall reasonably minimize the *distance traveled* by jurors. In addition, in the County of Los Angeles no juror shall be required to serve at a distance greater than 20 miles from his or her residence." (Italics added.) Jurors do not travel to court as the crow flies. By its own language, section 203 concerns itself with the distance *traveled* by jurors, not necessarily a hypothetical radius imposed on a map without regard to topography or urban driving conditions. Furthermore, Code of Civil Procedure section 196 provides that jurors "shall be reimbursed for mileage at the rate of fifteen cents ($0.15) per mile *for each mile actually traveled* in attending court as a juror, in going only." (Italics added.) The court administrator's interpretation of the 20-mile limit as actual driving distance is reasonable in light of the statutory scheme, and appellant's interpretation is not.

## INSTRUCTIONS

■ Part of the evidence against appellant was testimony of an accomplice. The court fully instructed the jury, in the language of approved CALJIC instructions, on testimony of an accomplice, credibility of witnesses, prior inconsistent statements, the presumption of innocence and reasonable doubt. Appellant submitted his own requested instructions on these issues, based upon quoted language in appellate court cases involving prior inconsistent statements of an accomplice or the reasons why accomplice testimony should be viewed with distrust. The trial court properly refused appellant's instructions on the ground that the issues were fully covered by the CALJIC instructions given. (See *People* v. *Kaiser* (1980) 113 Cal.App.3d 754, 766 [170 Cal.Rptr. 62]; *People* v. *Rocha* (1978) 80 Cal.App.3d 972, 980 [146 Cal.Rptr. 81].) Language in an appellate court opinion which may be a good statement of law or of the reasoning of the

---

[1] Thus appellant's issue, which is solely how the 20-mile limit should be measured, is not the same as the issues currently pending in the Supreme Court in *People* v. *McDonald* (1987) 191 Cal.App.3d 569 [237 Cal.Rptr. 597], review granted July 23, 1987 (S001113), and *Williams* v. *Superior Court* (1987) 193 Cal.App.3d 726 [238 Cal.Rptr. 488], review granted Oct. 1, 1987 (S002131).

[2] "Whenever an accused has committed an offense, it will nearly always be possible, simply by enlarging the area from which the venire is drawn, to obtain different mixes of social/ethnic viewpoints and economic classes on a jury panel. However, it is practically necessary to limit the area of draw in some arbitrary manner, even though such limitation obviously restricts or alters jury composition." (*O'Hare* v. *Superior Court, supra,* 43 Cal.3d at p. 100.)

appellate court does not necessarily make a good jury instruction. (See *People* v. *Odom* (1937) 19 Cal.App.2d 641, 649 [66 P.2d 206]; *People* v. *Hudgins* (1967) 252 Cal.App.2d 174, 183 [60 Cal.Rptr. 176]; *People* v. *Ramirez* (1974) 40 Cal.App.3d 347, 355 [114 Cal.Rptr. 916].)

The judgment is affirmed.

Boren, J., and Hastings, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 17, 1988.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.