Filed 10/18/23

CERTIFIED FOR PARTIAL PUBLICATION*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079475 |
| v. | (Super.Ct.No. FVI21000240) |
| JOSHUA PAUL ALLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. John P. Vander Feer, Judge. Affirmed in part, vacated in part, and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts A.4 and B of the Discussion.

Joshua Paul Allen appeals from his convictions for possessing a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and possessing an unregistered and loaded firearm while in a vehicle (Pen. Code, § 25850, subds. (a), (c)(6); unlabeled statutory references are to the Penal Code). He argues that the laws violate the Second Amendment as interpreted by *N.Y. State Rifle & Pistol Ass'n v. Bruen* (2022) 597 U.S. __ [142 S.Ct. 2111] (*Bruen*). We reject the constitutional challenges, and we publish our analysis concerning possession of a controlled substance while armed with a firearm to confirm that *People v. Gonzalez* (2022) 75 Cal.App.5th 907, 912-916 (*Gonzalez*) remains good law. We nevertheless vacate Allen's sentence and remand for resentencing because we agree with the parties that Allen's sentence violates section 654.

## BACKGROUND

One afternoon in January 2021, law enforcement conducted a traffic stop of the car that Allen was driving. When sheriff's deputies approached the car, it was parked in a motel parking lot. Allen had a loaded firearm in the waistband of his pants. The gun was operable, and its magazine contained five bullets. Allen told one of the deputies that he had taken the gun from someone else within the past hour to prevent that person from using it to injure another person. At trial, Allen stipulated that he was not the firearm's registered owner.

A deputy searched Allen's car and found a box of nine-millimeter ammunition containing 18 bullets, methamphetamine, a shotgun shell, and a glass pipe that appeared

2

to have been used to smoke methamphetamine. Allen admitted that the methamphetamine belonged to him. Allen told the deputy that he had last used methamphetamine one hour earlier.

A jury convicted Allen of one felony count of possessing a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1) and one felony count of "carrying a loaded handgun on one's person or in a vehicle" (capitalization omitted) (§ 25850, subd. (a) (§ 25850(a)); count 2). As to count 2, the jury found true the allegation that the firearm was not registered. (§ 25850, subd. (c)(6).)

The trial court sentenced Allen to two years in state prison for count 1 and imposed a concurrent sentence of 16 months for count 2. The court rejected defense counsel's argument that the court should stay one of the sentences under section 654, reasoning: "I don't believe [section] 654 applies because the elements are different, because it's not like the elements are identical. It kind of seems—the difference is the methamphetamine being present in the one, and then just the firearm in the other, so it's not just the firearm for the Count 1, it's the firearm and the controlled substance, that's why it's not [section] 654."

## DISCUSSION

A. *Constitutional Challenges*

Allen challenges the facial validity of the laws prohibiting possession of controlled substances while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and carrying a loaded and unregistered firearm in a vehicle (§ 25850, subds. (a), (c)(6)). He

argues that the laws are unconstitutional under the Second Amendment in light of *Bruen*, *supra*, 142 S.Ct. 2111.  He contends that the United States has no historical tradition of analogous prohibitions.  As to possession of a controlled substance while armed, we conclude that the Second Amendment does not cover the challenged conduct.  As to possession of an unregistered firearm in a vehicle, we conclude that Allen's challenge fails because *Bruen* did not invalidate all firearm registration schemes, and Allen does not argue that California's firearm registration regime is invalid.  We accordingly need not address Allen's arguments concerning the purported nonexistence of a tradition of analogous laws.

     1.  *Standard of Review*

"In analyzing a facial challenge to the constitutionality of a statute, we consider 'only the text of the measure itself, not its application to the particular circumstances of an individual.'  [Citation.]  'On a facial challenge, we will not invalidate a statute unless it "pose[s] a present total and fatal conflict with applicable constitutional prohibitions."'  [Citation.]  Facial challenges may be raised for the first time on appeal."  (*People v. Alexander* (2023) 91 Cal.App.5th 469, 474 (*Alexander*).)

"'The interpretation of a statute and the determination of its constitutionality are questions of law.  In such cases, appellate courts apply a de novo standard of review.'"  (*Alexander*, *supra*, 91 Cal.App.5th at p. 474.)

2. *The Second Amendment*

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." (U.S. Const., 2d Amend.)

In *Alexander*, we rejected a defendant's Second Amendment challenge to the laws prohibiting felons from possessing firearms (§ 29800, subd. (a)(1)) and ammunition (§ 30305, subd. (a)(1)). (*Alexander*, *supra*, 91 Cal.App.5th at pp. 477, 479.) In reaching that conclusion, we described in detail the United States Supreme Court's recent opinions analyzing the Second Amendment. (*Alexander*, at pp. 475-477.) We summarize the relevant holdings here.

In *District of Columbia v. Heller* (2008) 554 U.S. 570 (*Heller*), the United States Supreme Court "held that the Second Amendment confers 'an individual right to keep and bear arms' (*Heller*, *supra*, at p. 595) for the 'core lawful purpose of self-defense' (*id.* at p. 630), which the court identified as being 'central to the Second Amendment right' (*id.* at p. 628)." (*Alexander*, *supra*, 91 Cal.App.5th at p. 475.) The court concluded that the District of Columbia's "ban on possessing operable weapons in the home violated the Second Amendment's guarantee of 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home.'" (*Ibid.*, quoting *Heller*, *supra*, at p. 635.)

*Heller* nevertheless explained that "the Second Amendment is not unlimited" and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and

for whatever purpose." (*Heller*, *supra*, 554 U.S. at p. 626.) The *Heller* court "cautioned that 'nothing' in its opinion 'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.'" (*Alexander*, *supra*, 91 Cal.App.5th at p. 475, quoting *Heller*, at pp. 626-627.)

Following *Heller*, the United States Supreme Court held that the Second Amendment applies to the states through the Fourteenth Amendment. (*McDonald v. City of Chicago* (2010) 561 U.S. 742, 791 (*McDonald*); *Alexander*, *supra*, 91 Cal.App.5th at p. 475.) After *Heller*, lower courts adopted a two-step test for analyzing challenges under the Second Amendment. (*Bruen*, *supra*, 142 S.Ct. at pp. 2125-2126; *Alexander*, at p. 475.) Applying that test, courts "first asked '"whether the challenged law burden[ed] conduct that [fell] within the scope of the Second Amendment's guarantee" of protecting the right of responsible, law-abiding citizens to possess firearms to protect their home.' [Citation.] If the law did not impose such a burden, then the inquiry ended. [Citation.] But if the law 'infringe[d] on a law-abiding citizen's right to possess firearms to protect their home, then the court [was required to] inquire into "the strength of the government's justification" for the law by balancing—under the appropriate level of scrutiny—the statute's objectives against the means it employ[ed] to accomplish those ends.'" (*Alexander*, at p. 476.)

As we explained in *Alexander*, the United States Supreme Court rejected that approach in *Bruen*, "concluding that the test was 'one step too many' and that *Heller* did not support application of the second step's means-end inquiry." (*Alexander*, *supra*, 91 Cal.App.5th at p. 476, quoting *Bruen*, *supra*, 142 S.Ct. at p. 2127.) "In rejecting that approach, the court noted that '[t]he Second Amendment "is the very *product* of an interest balancing by the people" and it "surely elevates above all other interests the right of law-abiding, responsible citizens to use arms" for self-defense.'" (*Alexander*, at p. 476, quoting *Bruen*, at p. 2131.)

*Bruen* set forth a new test for analyzing constitutionality under the Second Amendment, as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" (*Bruen*, *supra*, 142 S.Ct. at pp. 2129-2130; *Alexander*, *supra*, 91 Cal.App.5th at p. 476.) In determining "whether a modern firearm regulation has a 'relevantly similar' historical analogue [(*Bruen*, at p. 2132)], courts should consider 'at least two metrics: how and why the regulations burden a law-abiding citizen's right to armed self-defense.'" (*Alexander*, at p. 476.)

Applying that analytical framework, "*Bruen* concluded that New York's concealed carry licensing regime, which required applicants to demonstrate proper cause to get a

7

license, was unconstitutional 'in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms.'" (*Alexander*, *supra*, 91 Cal.App.5th at p. 476.) In reaching its conclusion, the court contrasted the proper cause requirement in "'may issue'" concealed carry licensing regimes such as New York's and California's (*Bruen*, *supra*, 142 S.Ct. at p. 2124) "with '"shall issue" jurisdictions, where authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability' [(*Bruen*, at p. 2123)]. The court noted that 'nothing' in its 'analysis should be interpreted to suggest the unconstitutionality of the 43 States' "shall-issue" licensing regimes, under which "a general desire for self-defense is sufficient to obtain a [permit]."'" (*Alexander*, at p. 477.)

*Bruen* held "'that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside of the home.' [(*Bruen*, *supra*, 142 S.Ct. at p. 2122.)] The court indicated that *Bruen* was 'consistent with *Heller* and *McDonald*,' which had 'recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense.'" (*Alexander*, *supra*, 91 Cal.App.5th at p. 477.)

3. *Possession of Controlled Substances While Armed*

Allen first challenges the constitutionality of Health and Safety Code section 11370.1, which provides that "every person who unlawfully possesses any amount of [specified controlled substances] while armed with a loaded, operable firearm is guilty of

8

a felony." (*Id.*, subd. (a).) Several months before *Bruen* was decided, we held that Health and Safety Code section 11370.1 does not violate the Second Amendment. (*Gonzalez, supra*, 75 Cal.App.5th at pp. 912-916.) Applying the post-*Heller* test for assessing Second Amendment challenges, we concluded that the law did not burden protected conduct (*Gonzalez*, at p. 912), because the Second Amendment protects "law-abiding citizens only" and does not "protect[] a right to carry a gun while simultaneously engaging in criminal conduct" (*Gonzalez*, at p. 913). *Gonzalez* remains good law after *Bruen*.

In *Gonzalez*, we concluded that the prohibition in Health and Safety Code section 11370.1—criminalizing possession of a loaded, operable firearm while in unlawful possession of controlled substances—is constitutional under the first step of the post-*Heller* test. (*Gonzalez, supra*, 75 Cal.App.5th at p. 912.) We consequently did not engage in the means-end inquiry in the second step of the post-*Heller* test. (*Gonzalez*, at p. 912.) The first step of the post-*Heller* test for assessing constitutional challenges under the Second Amendment survives *Bruen*. *Bruen* held that the means-end inquiry conducted at the second step was "one step too many" (*Bruen, supra*, 142 S.Ct. at p. 2127) and was incompatible with *Heller* (*Bruen*, at p. 2129). But the inquiry at the first step remains the same, namely, whether the prohibited conduct is covered by the Second Amendment. (*Bruen*, at pp. 2129-2130; *Alexander, supra*, 91Cal.App.5th at p. 476.)

9

Given that in *Gonzalez* we concluded that Health and Safety Code section 11370.1 was constitutional at the first step of the analysis, *Gonzalez*'s analysis remains sound under *Bruen*. We see no reason to depart from this court's precedent concerning the facial validity of Health and Safety Code section 11370.1 under the Second Amendment. (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) As we explained in *Gonzalez*, because the firearm possession prohibition in Health and Safety Code section 11370.1 does not affect the individual right of "'law-abiding, responsible citizens'" to possess firearms (*Bruen*, *supra*, 142 S.Ct. at p. 2131; *Heller*, *supra*, 554 U.S. at p. 635), Allen's challenge to the constitutionality of the provision under the Second Amendment fails. (*Gonzalez*, *supra*, 75 Cal.App.5th at pp. 912-913.)

Allen's arguments cast no doubt on the conclusion. Allen focuses exclusively on the second step of the *Bruen* analysis, arguing that there were "no regulation[s] in or around 1791 that prohibited individuals in possession of any drug from also being armed" and that there are no other relevant, analogous prohibitions. That argument does not undermine our analysis in *Gonzalez*, because under *Bruen* we need not analyze whether a regulation is "consistent with the Nation's historical tradition of firearm regulation" if the individual's regulated conduct is not covered by the Second Amendment. (*Bruen*, *supra*, 142 S.Ct. at p. 2130.)

4. *Carrying a Loaded and Unregistered Firearm in a Vehicle*

Allen also contends that the law criminalizing "possession of a loaded, unregistered firearm in vehicle" violates the Second Amendment. (§ 25850, subds. (a),

10

(c)(6).)  We reject the argument because *Bruen* did not invalidate all firearm registration requirements and Allen does not challenge the validity of California's firearm registration regime.

Section 25850(a) provides:  "A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory."  Subdivision (c) of section 25850 sets forth various punishments for violations of section 25850(a), depending upon the presence of certain additional circumstances.  (§ 25850, subd. (c)(1)-(6).)  Subdivision (c)(6) of section 25850 provides that when the person carrying the loaded firearm in violation of section 25850(a) "is not listed with the Department of Justice pursuant to Section 11106 as the registered owner of the handgun," the violation is punishable "by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment."

Allen argues that carrying a loaded and unregistered "firearm in a vehicle is now a constitutional right under *Bruen*."  (Initial capitalization and italicization omitted.)  The argument is foreclosed by *Heller* and *Bruen*.  *Heller* explained that "the Second Amendment is not unlimited" and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."  (*Heller*, *supra*, 554 U.S. at p. 626.)  And *Bruen* indicated that it was "consistent with *Heller*."  (*Bruen*, *supra*,

11

142 S.Ct. at p. 2122.) Moreover, *Bruen* emphasized that "nothing in [its] analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes," which include background check and safety course requirements, because such licensing schemes appeared "designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'" (*Id.* at p. 2138, fn. 9.) Thus, according to *Bruen*, the Second Amendment does not prohibit states from requiring individuals to submit to certain licensing requirements in order to legally possess a firearm. *Bruen* accordingly does not stand for the proposition that the Second Amendment affords individuals the unfettered right to carry an unregistered firearm while in a vehicle.

Moreover, the criminalization of carrying a loaded *and unregistered* firearm in a vehicle (§ 25850, subds. (a), (c)(6)) is necessarily a consequence of California's firearm registration laws. Allen does not argue that those laws are unconstitutional. Moreover, the Court of Appeal has twice rejected the argument that those laws are unconstitutional under *Bruen*. (*In re D.L.* (2023) 93 Cal.App.5th 144, 147-148; *id.* at p. 148 [rejecting facial challenge to § 25850, subd. (a) (carrying a loaded firearm) and concluding that "[i]t remains constitutional to punish someone without a license for carrying a loaded firearm in public"]; *In re T.F.-G.* (2023) 94 Cal.App.5th 893, 913 [appellant was "unable to meet the heavy burden of establishing that in at least the generality or great majority of cases, it will be unconstitutional to criminalize carrying a loaded firearm in public without

12

satisfying one of the statutory exemptions, such as complying with California's licensing regime"].)

Given that *Bruen* does not prohibit states from regulating firearm possession and Allen does not challenge the constitutionality of California's firearm licensing requirements, we conclude that Allen's challenge to the constitutionality of the prohibition on carrying a loaded and unregistered firearm while in a vehicle fails.

B. *Section 654*

Section 654 prohibits multiple punishments for "different crimes [that] were completed by a 'single physical act.'" (*People v. Corpening* (2016) 2 Cal.5th 307, 311; § 654, subd. (a).) When two offenses arise from a single act but require different elements of proof, a defendant may be properly convicted of both but not punished for both. (*People v. Rocha* (1978) 80 Cal.App.3d 972, 975-977.) If "a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed." (*People v. Deloza* (1998) 18 Cal.4th 585, 591-592.) The trial court has discretion to choose which sentence to stay. (§ 654, subd. (a); *People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

Allen argues that the trial court violated section 654 by imposing sentences for both of his convictions. The People concede the error, and we agree. The trial court should have stayed the sentence for one of the convictions under section 654 because Allen's possession of a firearm while in possession of controlled substances and

13

possession of an unregistered, loaded firearm in a vehicle were the same act. (*People v. Jones* (2012) 54 Cal.4th 350, 357 ["a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654"]; *People v. Williams* (2009) 170 Cal.App.4th 587, 645-646.) We remand the matter to the trial court to determine whether the sentence for count 1 or count 2 should be stayed under section 654.

## DISPOSITION

We vacate Allen's sentence and remand the matter to the trial court for resentencing to determine whether to stay the sentence for count 1 or count 2 under section 654. In all other respects, the judgment is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION

MENETREZ
J.

We concur:

RAMIREZ
P. J.
FIELDS
J.

14