Filed 11/28/23  P. v. Hawkins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081900 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD296301) |
| CHRISTOPHER TODD HAWKINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weather, Judge.  Affirmed.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Christopher Todd Hawkins of one count of vandalism causing more than $400 of damage (Pen. Code,[1] § 594, subd. (a)(b)(1)), one count of vandalism causing less than $400 of damage (§ 594, subd. (a)(b)(2)(A)), and one count of possession of paraphernalia used to ingest narcotics (Health & Saf. Code, § 11364). The jury acquitted Hawkins of one additional count of vandalism causing more than $400 of damage (§ 594, subd. (a)(b)(1)) and could not come to a verdict on one count of burglary (§ 459). Hawkins was sentenced to a total term of four years in state prison.

On appeal, Hawkins contends the trial court erred in refusing to give a requested pinpoint jury instruction as to the possession of drug paraphernalia count, which would have stated that possession of a device for smoking a *non-controlled* substance is not a crime. He also asserts that there is a clerical error in the minutes of the sentencing hearing. We find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2022, staff at a hotel on University Avenue told Hawkins to leave, as he was not a guest of the hotel. Hawkins broke a room plate, broke the glass door to a fire extinguisher, and took the fire extinguisher pin and fire marshal tag. There was conflicting testimony as to whether Hawkins also disconnected electrical power to some of the rooms. Hotel staff called 9-1-1. A responding officer found Hawkins sitting on the ground. Hawkins refused to identify himself. The officer searched Hawkins and found a bag containing a fire extinguisher pin, state fire marshal tag, and a bulbous glass pipe "commonly associated with methamphetamine." During the search, the glass pipe fell and broke. There was a burnt substance in the pipe, consistent with

---

[1] Further section references are to the Penal Code unless noted otherwise.

torched methamphetamine. The fragments of the broken pipe were not tested.

Approximately two months later, on June 9, 2022, Hawkins threw a rock through the window of another business on University Avenue. He kicked out more glass, entered the building, threw food around, and barricaded himself within. The police responded and demanded Hawkins leave the building. Hawkins exited the building and surrendered. According to one officer, he appeared to be exhibiting "excited delirium." In his trial testimony, Hawkins admitted that earlier in the evening, he had consumed what he believed to be methamphetamine, but was "apparently" magnesium stearate according "to the police report." Hawkins was familiar with the effects of methamphetamine. When asked whether he was "doing any controlled substances" on June 9th or April 7th, Hawkins testified that "that day was methamphetamine," but did not specify which day he meant. There was no other evidence at trial regarding any test result or police report suggesting the presence of magnesium stearate.

Hawkins was charged with crimes including possession of paraphernalia used for narcotics (Health & Saf. Code, § 11364) arising out of his possession of the methamphetamine pipe on April 7, 2022. At trial, the court instructed the jury with CALCRIM No. 2410 on this charge. This instruction stated in relevant part: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant [unlawfully] possessed an object used for unlawfully injecting or smoking a controlled substance; [¶] 2. The defendant knew of the object's presence; [¶] AND [¶] 3. The defendant knew it to be an object used for unlawfully injecting or smoking a controlled substance."

Hawkins also requested a proposed pinpoint instruction drawn directly from language in *In re Johnny O.* (2003) 107 Cal.App.4th 888, 897 (*Johnny O.*).  The proffered instruction stated:  "Possession of a device for smoking a non-controlled substance, without more, is not a crime in California."  The trial court rejected the proposed pinpoint instruction, finding it "somewhat misleading." The court also found there was "sufficient evidence in this case, not limited to but including, the police officer's testimony about his opinion about what the device was used for as well as the testimony from Mr. Hawkins about his methamphetamine use." The court concluded "there is sufficient evidence for the jury to find that [the pipe] was paraphernalia used for narcotics purposes."

DISCUSSION

*A. The Court Properly Refused to Give the Requested Pinpoint Instruction*

A criminal defendant is entitled, upon request, to a nonargumentative instruction that pinpoints his or her theory of the case.  (*People v. Ledesma* (2006) 39 Cal.4th 641, 720.)  The court may, however, refuse such instructions where they are incorrect statements of the law, argumentative, duplicative, potentially confusing, or not supported by substantial evidence.  (*People v. Moon* (2005) 37 Cal.4th 1, 30.)  "A trial court is not required to give pinpoint instructions that merely duplicate other instructions."  (*People v. Panah* (2005) 35 Cal.4th 395, 486 (*Panah*).)

We review the refusal to give a pinpoint instruction de novo.  (*People v. Posey* (2004) 32 Cal.4th 193, 218.) In determining whether the court properly instructed the jury, we consider the instructions as a whole and assume jurors are intelligent persons, capable of understanding and correlating all

4

jury instructions which are given.  (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

The Supreme Court has cautioned courts to carefully review proposed jury instructions based directly on language in appellate opinions. "Language in an appellate court opinion which may be a good statement of law or of the reasoning of the appellate court does not necessarily make a good jury instruction."  (*People v. Adams* (1987) 196 Cal.App.3d 201, 204-205.)  The appellate courts, in discussing legal principles for one purpose, may not have contemplated their language being used as a jury instruction. (*People v. Hunter* (2011) 202 Cal.App.4th 261, 277-278; *People v. Knoller* (2007) 41 Cal.4th 139, 154-155.)

The parties to this appeal do not dispute the elements of Health and Safety Code section 11364.  Nor do they dispute that CALCRIM No. 2410 accurately states the elements of the offense.  Indeed, the only issue is whether the trial court erred in denying the additional pinpoint instruction Hawkins requested.  This pinpoint instruction was taken from language in *Johnny O.*, which held that possession of bongs for smoking marijuana did not violate the law because the Legislature in 1975 deliberately decriminalized the possession of a device for smoking marijuana.  (*Johnny O.*, *supra*, 107 Cal.App.4th at p. 890.)  The court concluded "that the possession of a device for smoking marijuana, without more, is not a crime in California."  (*Id*. at p. 897.)  Based on this authority, and his own testimony that he accidentally consumed magnesium stearate believing it was methamphetamine on June 9, 2022, Hawkins requested a pinpoint instruction stating:  "Possession of a device for smoking a non-controlled substance, without more, is not a crime in California."

We conclude that the trial court properly rejected the proffered instruction because its substance was adequately covered by CALCRIM No. 2410. This instruction informed the jury that the People were required to prove "[t]he defendant unlawfully possessed an object used for unlawfully injecting or smoking a *controlled* substance." (Italics added.) Based on this instruction, the jury could not have convicted Hawkins if it found that he only possessed the pipe for smoking a *non-controlled* substance. In other words, the requested pinpoint instruction merely restated in the negative what CALCRIM No. 2410 already stated in the positive. Thus, it would have been duplicative to give the proffered pinpoint instruction. (See, e.g., *Panah*, *supra*, 35 Cal.4th at pp. 486–487 [proposed pinpoint instruction stating that sodomy special circumstance was not true if victim was dead when sodomy was committed was properly refused as duplicative of other instructions stating that the victim must have been alive when sodomy was committed].) We therefore conclude the trial court properly refused the pinpoint instruction.

*B. Superior Court Minutes*

Hawkins further argues that the court minutes conflict with the reporter's transcript of the December 15, 2022 sentencing hearing and requests an order to correct this asserted error. At oral pronouncement, the court found as an aggravating factor that Hawkins's performance on, "parole on case SCD288450 was unsatisfactory," but made clear that it did "not make any findings with respect to the other two cases that are alleged in the People's information SCD279451 and SCD278626." The minutes for the sentencing hearing state in relevant part: "The Court hears argument from counsel and finds that the following Aggravating factors to be TRUE as follows: . . .

6

And it is further alleged that the defendant's Christopher Todd Hawkins, prior performance while on probation and parole, to wit SCD288450, SCD279451 and SCD278626 was unsatisfactory[¶] . . . [¶]Court makes no finding on SCD279451 and SCD278626."

Conflicts between the court's oral pronouncement as reflected in the reporter's transcript and the clerk's transcript are generally presumed to be clerical in nature and are resolved in favor of the pronouncement as reflected in the reporter's transcript unless the circumstances dictate otherwise. (*People v. Smith* (1983) 33 Cal.3d 596, 599.)  Though the minutes here are not a model of clarity, we conclude there is no conflict requiring correction.  The minutes clearly state that the court made no finding on two of the three cases for which it was alleged that Hawkins's prior performance on parole was unsatisfactory.  This accurately reflects the court's findings at the sentencing hearing.  Accordingly, we decline to order a correction of the minutes.

DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.